**E. W. MONTGOMERY CO., Inc., v. GWIN et al.**
**No. 185.**

District Court, N. D. Mississippi, Delta Division.

April 25, 1932.

Roberson & Cook, of Clarksdale, Miss., for plaintiff.

S. L. Gwin and I. S. Luckett, both of Greenwood, Miss., and G. E. Williams, of Clarksdale, Miss., for defendants.

HOLMES, District Judge.

This matter is before me on a motion of the plaintiff to require the defendants to give security for costs, as a condition precedent to a continuation of the hearing now pending before the master to set aside the decree pro confesso heretofore entered. It is alleged by the plaintiff that the defendants, by their attorneys, have unnecessarily delayed the proceedings before the master, and materially increased the costs of the hearing, by dilatory and obstructive tactics in refusing to produce books and papers; in asking witnesses irrelevant and incompetent questions; in failing to appear promptly at the hearings, without just cause, thereby keeping the master, attorneys, and court attendants waiting; in refusing to comply with the orders of the master; and in various other ways hampering the proceedings and materially increasing the costs of the suit, to the extent that the same have become unbearably burdensome to the plaintiff and vexatious to his attorneys, thereby defeating the administration of justice.

An answer duly verified has been filed by the defendants, denying the allegations of the plaintiff's motion. A hearing was granted by the court at which much evidence, both oral and in the form of affidavits, was introduced. In addition, a transcript of the testimony taken at one full day's hearing before the master, certified to be correct by the stenographer, was made a part of the record on this motion. It shows all that took place on April 8, 1932, which is claimed to be a fair sample of ordinary occurrences before the master from the beginning of the reference to the filing of the motion.

It is claimed by the defendants that under equity rule 17 (28 USCA § 723) the court is without power to require a defendant against whom a decree pro confesso has been taken, but before a final decree has been entered, to give security for costs.

It may be conceded, for the purposes of this motion, that equity rule 17, literally construed, is not sufficient authorization to sustain the plaintiff's motion at this time, because no final decree has followed the decree pro confesso, but it by no means follows from that conclusion that a federal court of equity is without power to deal with the situation described in the plaintiff's motion, if true.

It may further be conceded, as contended by counsel, that without statutory authority an ordinary defendant may not be required to give security for costs any more than for the amount of the judgment asked. Stein v. McGrath, 128 Ala. 175, 30 So. 792; State v. Judge of Sixth District Court, 25 La. Ann. 227; Den ex dem. Rossell v. Inslee, 6 N. J. Law, 475; Young v. Cooper, 12 Phila. (Pa.) 332; 11 Cyc. 175; 15 Corpus Juris, 200; Standard Encyclopedia of Procedure, vol. 23, § 3.

But one against whom a decree pro confesso has been taken is not an ordinary defendant. He is before the court in the status of one who has formally admitted the allegations of the bill. Equity rule 16 (28 USCA § 723) is as follows:

"Rule 16. *Defendant to Answer—Default—Decree Pro Confesso.*—It shall be the duty of the defendant, unless the time shall be enlarged, for cause shown, by a judge of the court, to file his answer or other defense to the bill in the clerk's office within the time named in the subpoena as required by rule 12. In default thereof the plaintiff may, at his election, take an order as of course that the bill be taken pro confesso; and thereupon the cause shall be proceeded in ex parte."

Under the old chancery practice a final decree might immediately follow a decree pro confesso, but under federal equity rule 17 (28 USCA § 723) at least 30 days must intervene before a final decree may be entered. This rule is as follows:

"Rule 17. *Decree Pro Confesso to be Followed by Final Decree—Setting Aside Default.*—When the bill is taken pro confesso the court may proceed to a final decree at any time after the expiration of thirty days after the entry of the order pro confesso, and such decree shall be deemed absolute, unless the court shall, at the same term, set aside the same, or enlarge the time for filing the answer, upon cause shown upon motion and affidavit. No such motion shall be granted, unless upon the payment of the costs of the plaintiff up to that time, or such part thereof as the court shall deem reasonable, and unless the defendant shall

undertake to file his answer within such time as the court shall direct, and submit to such other terms as the court shall direct, for the purpose of speeding the cause."

Thirty days have elapsed since the date of the decree pro confesso, and there is nothing to prevent the plaintiff from proceeding to a final decree except the order of this court delaying the same and taking under advisement the motion to set aside the decree pro confesso. That order, delaying the entry of the final decree after the expiration of thirty days, was a ruling favorable to the defendants. For cause, it may be set aside by this court and the plaintiff permitted to proceed to a final decree under rule 17. Thereupon the decree would "be deemed absolute, * * * unless upon the payment of the costs of the plaintiff up to that time," and other terms, the court should set it aside.

If it is within the power of the court to permit the plaintiff to proceed to a final decree and then to require payment of costs and other terms before setting it aside, it seems to me to be a ruling favorable to the defendant, and one of which he cannot complain, to stop the plaintiff from proceeding to final decree and grant the defendant a hearing at once upon payment of costs and other just terms; and, if upon such hearing the defendant abuses the opportunity afforded him by the court's favorable ruling, the plaintiff may be permitted to take a final decree under rule 17, after which the defendant will have such rights and remedies as are afforded by that rule.

In addition, this court under federal statutes and equity rules is granted large powers to cut through formal objections and make all orders and issue all writs deemed necessary or proper to speed the administration of justice and bring to a final conclusion all cases pending before it. Equity rules 1 and 6 (28 USCA § 723); Revised Statutes, §§ 913 and 918, Barnes' Federal Code, c. 19, §§ 1280 and 1288 (28 USCA §§ 723, 731).

I shall therefore proceed to a consideration of the plaintiff's motion on its merits, confident that the inherent powers of a federal equity court, enhanced by statutes and equity rules, is ample to deal with the abuses charged, if the proof is sufficient to justify bringing its powers into play.

The evidence is conflicting. The affidavits of the attorneys for the movant support the charges; the testimony of the attorneys for the defendants deny them. The correctness of the stenographer's transcript of the proceedings on April 8, 1932, is not disputed. Neither is there any reason to doubt that this was an ordinary day in the protracted hearing of a case which should have been completed in a much shorter time than has already been consumed.

This undisputed record, taken down and transcribed by a stenographer agreed upon by the parties, portrays scenes at the trial before the master which are alive with meaning to any one accustomed to the courtroom, and which are inconsistent with a desire on the part of the actor to aid the master in reaching a speedy and correct decision of the issues submitted to him.

Repeated rulings by the master that the counsel was wasting time were disregarded, or only served to bring about a colloquy between counsel and the master. One witness for the plaintiff upon cross-examination was kept on the stand for hours, and none of the three attorneys for the defendants on cross-examination here are able to state a single relevant fact that he was asked about. Time and again objections of the plaintiff's counsel were sustained to the cross-interrogatories. At one time the master of his own motion, interposed to rule out any further cross-examination about the allegations of the bill. The rulings of the master only brought on further debate. With the exception of the testimony of the witness Hall, any other portions of the record introduced before me would serve, as well as those which I shall quote, to illustrate the difficulties of the master.

The part played by the defendants in the history of the case does not give the impression of litigants seeking to aid the court to reach a decision at an early date. The plaintiff is a judgment creditor, with all the rights and remedies which that status confers. The suit is in the form of a creditor's bill in equity to set aside conveyances of real and personal property alleged to have been fraudulently made. Three attorneys have appeared in concert for the defendants, one of whom seems to be chiefly in charge and is both an attorney and a defendant.

Opportunities to develop the case on its merits have not been promptly embraced. An answer to the bill was first due before Judge Cox, but upon the application of the defendant the time to answer was by him extended. After this extension was granted, in the interim between courts, a former bookkeeper of Humphrey & Co. was brought from Tupelo to Greenwood, and in December, 1931, made some 53 entries or changes of entries

in the books of his former employer. These entries, according to Hall, the party who made them, were made at the residence of Mr. Gwin, one of the defendants and chief counsel above mentioned. The time consumed in making the entries was about ten hours. It was about 2 or 3 o'clock in the afternoon when they met at the house, and about 2 or 3 o'clock in the morning when the bookkeeper finished his work.

In January, 1932, a decree pro confesso having been taken, applications were made by the plaintiff for a receiver and also for an injunction, each of which was granted. There being two judges presiding in the district, applications were subsequently made to each and sometimes to both. To prevent confusion, the judges agreed that the case in the future should be assigned entirely to one of them. Judge Cox so notified the parties. The procedure is authorized by statute. 36 Stat. 1090, Judicial Code § 23 (28 USCA § 27).

Thereafter an agreed order was entered appointing a master satisfactory to all parties to whom the case was referred to take the testimony and report on the law and the facts. For the convenience of the parties, particularly the defendants and their witnesses, the hearings were begun at Greenwood. Compliance with an order made by the judge for the inspection of books and documents was refused by the defendant and attorney, Mr. Gwin. A writ of assistance was necessary to secure the books. Repeated orders of the master to produce papers were questioned or complied with after a delay. In one instance, after papers were produced, an hour and forty-five minutes of the master's time was consumed by reading a description of them into the record. A full discription of a deed of trust on land, which was recorded in four counties, was read into the record, as to each county separately, by giving the name of the grantors, the grantees, the date, etc., each time, as well as the book and page in the office of the chancery clerk where recorded.

On the whole, I think the proof is sufficient for the court to withdraw the favorable status accorded defendants by the order stopping the plaintiff from proceeding to a final decree, unless they will submit to reasonable terms. That order will be set aside and the plaintiff permitted to proceed to a final decree under equity rule 17, unless the defendants shall file with the clerk a surety bond in the sum of $1,000, conditioned to pay all costs that may be adjudged against them, or any of them, in this cause. In the event a final decree is entered on the decree pro confesso, the defendants shall not be deprived of their right to move to set it aside at the same term, as provided by rule 17.

The motion of the plaintiff will be sustained.