LIBERTY NATIONAL INSURANCE COM-
PANY, now the Guaranty National In-
surance Company, Appellant,

v.

John Ronald EBERHART, Administrator of
the Estate of Jennie Loretta Fisher,
Deceased, Appellee.

No. 435.

Supreme Court of Alaska.

Feb. 8, 1965.

R. J. McNealy, McNealy & Merdes, Fairbanks, for appellant.

Robert A. Parrish, Millard F. Ingraham and Karl L. Walter, Jr., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Jennie Loretta Fisher was killed in an automobile collision. The administrator of her estate, appellee Eberhart, brought suit against Melvin Sharp, the driver of one of the vehicles, and recovered a judgment of $20,000 plus costs. Appeals were taken from this judgment by both Eberhart and Sharp. While the appeals were pending [1], appellee Eberhart executed on the judgment and obtained from Sharp's insurer, appellant Liberty National Insurance Company, the sum of $10,000 which was the insurance policy limit for bodily injury liability. In a garnishment proceeding against appellant, appellee obtained a judgment requiring appellant to pay, in addition to the $10,000 previously paid, costs in the sum of $3,401.35. It is from that judgment that appellant has brought this appeal.

Appellant argues that the lower court had no jurisdiction to enter the judgment appealed from, because the original judgment which provided the basis for the garnishment proceeding had been appealed.

An appeal does not in itself operate to prevent execution on the judgment appealed from. In order to prevent enforcement of a judgment during the pendency of an appeal it is necessary that one file and have approved by the trial court a supersedeas bond, or that one obtain from the trial court or from this court a stay of enforcement of the judgment. This is clear from the provisions of our Rule 7(d).[2] Since no supersedeas bond was filed nor a stay of judgment ordered or even requested by appellant, the court below had jurisdiction to enter its judgment in the garnishment proceeding against appellant.

Appellant contends that entry of the judgment was premature because appellant had not been allowed 60 days within which to comply with an order of the court requiring the appearance of appellant as garnishee. Service of the order had been made upon the State Department of Commerce in accordance with rule and statute [3],

1. Both appeals were later dismissed.

2. Supreme Court Rule 7(d) reads in part:
"(1) Whenever an appellant entitled thereto desires a stay on appeal, he may present to the superior court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs and interest, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs and interest as the supreme court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, and interest, unless the court after notice and hearing and for good cause shown, fixes a different amount or orders security other than the bond. * * *
"(2) The supreme court or a justice thereof may stay the enforcement or effect of the judgment appealed from or

the proceedings in the court below upon such terms as to bond or otherwise as may be proper. Application for a stay to this court or a justice thereof normally will not be entertained unless application has first been made to the court below and has been denied, or unless the security offered below has been disapproved."

3. Civ.R. 89(f) (1) provides:
"When a person is ordered to appear before the court to be examined as to any property or debt held by him belonging to a defendant, such person shall be known as the garnishee. The order shall state the time and place where the garnishee is to appear, shall be served upon the garnishee and return of service made in the manner provided for service of summons and return thereof in Rule 4."
At the time service of the motion was made, Civ.R. 4(d) (4) provided that service shall be made upon a domestic or foreign corporation—
"by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment

and appellant relies upon that provision of the statute which states that

"Where service is made on the department, no further proceedings may be taken until the expiration of 60 days from the date of service." [4]

The time within which a garnishee must appear in court in response to an order requiring his appearance is a matter of court practice and procedure, the regulation of which has been committed to this court by the constitution. The statutory provision which appellant relies upon, AS 21.10.160, attempts to regulate a matter of procedure which is within the province of this court, and is therefore ineffective.[5] The judgment appealed from was not premature because entered prior to the expiration of 60 days from the date of service of the garnishment order.

Appellant's next point raises the question of the extent to which appellant is liable under its contract of insurance for payment of cost assessed againt its insured. The judgment against appellant required it to pay the total costs in the sum of $3,401.-35. Of this amount, $2,850.00 represents attorney's fees allowed as part of the costs of the action and computed on the basis of a percentage of the $20,000 judgment against appellant's insured, in accordance with Civil Rule 82(a). Appellant contends that under the terms of its insurance contract it should be responsible only for a pro rata share of the costs based upon the $10,-000 limit of its liability under the insurance contract.

The pertinent part of the insurance contract reads as follows:

"As respects the insurance afforded by the other terms of this policy under coverages A and B, this company shall:

"(a) defend any proceeding or suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such proceeding or suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

\* \* \* \* \* \*

"(c) pay all expensse [sic] incurred by the company, all costs taxed against the insured in any such proceeding or suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

\* \* \* \* \* \*

"The amounts incurred under this insuring agreement, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability under this policy."

We see nothing in the foregoing language of the insurance agreement which supports appellant's view that it is responsible for payment only of a proportionate share of the total costs assessed against its insured. The agreement states unequivocally that appellee shall "pay *all* \* \* \* costs taxed against the insured in any \* \* \* suit" against him. (Emphasis added.) The policy language, "until the company has paid or tendered or deposited in court such part of such judgment as does

or by law to receive service of process and, if the agent is one authorized by statute to receive service, by making service in the manner prescribed by statute."
AS 21.10.155 provided with respect to service of process on insurance companies that—

"(a) Service upon a domestic or foreign insurance company may be made upon either the authorized agent or the department."

4. AS 21.10.160.

5. Silverton v. Marler, 389 P.2d 3, 5–6 (Alaska 1964).

not exceed the limit of the company's liability thereon", has no reference to and does not limit the company's obligation to pay costs. This language refers only to the preceding words "all interest accruing after entry of judgment", and provides a limitation on the existence of the company's duty to pay interest.

██ The words "all costs" mean just that. They do not admit of the interpretation urged by appellant. If appellant had wished to contract to pay only a proportionate share of the costs based upon the applicable limit of liability in the policy, it easily could have used appropriate language to achieve that result.[6]

██ Appellant contends that because its insured, Melvin Sharp, had offered before trial to allow judgment to be taken against him for $10,000, appellant should not be liable for costs. Appellant does not elaborate on this point, and we fail to see where it has any merit. Had the judgment entered been less than or equal to the offer, then appellee would have been liable for the costs incurred after the offer in accordance with Civil Rule 68.[7] But that rule has no application here because the judgment finally obtained by appellee was double the amount offered. The fact that the amount of the offer coincided with the insurance policy limit for which appellant was responsible does not change the result. Appellant was not a party to the litigation, and only parties are dealt with by Rule 68.

6. See River Valley Cartage Co. v. Hawkeye-Security Ins. Co., 17 Ill.2d 242, 161 N.E.2d 101, 103–104, 76 A.L.R.2d 978 (1959).

7. Civ.R. 68 provides:
"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer."

We conclude that the trial court correctly held appellant liable for the total costs assessed against its insured.

The judgment is affirmed.