Richard Harry McDONOUGH, Appellant,

v.

Jesse LEE and Josephine Marie Lee, husband and wife et al., Appellees.

No. 674.

Supreme Court of Alaska.

Dec. 2, 1966.

---

1. Selman v. State, 409 P.2d 602 (Alaska 1966).

———◆———

Charles J. Clasby, Collins & Clasby, Fairbanks, for appellant.

Robert A. Parrish, Fairbanks, for appellees.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

Appellant seeks reversal of the superior court's award of $32,126.17 in attorney's fees to appellees as part of their costs.

The common law does not permit the recovery of attorney's fees, as costs, from the opposing party.[1] Ordinarily such an item of litigation expense was disallowed in the absence of a statute or rule of court. Statutory authorization for the allowance of attorney's fees in this jurisdiction is of relatively ancient origin.[2] Our earliest statute on this subject provided:

> The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; *but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney fees in maintaining the action or defense thereto, which allowances are termed costs.*[3] (Emphasis added.)

1. La Fave v. Dimond, 46 Cal.2d 868, 299 P.2d 858, 859, 60 A.L.R.2d 939 (1956); 20 Am.Jur.2d Costs § 72, at 58.

2. Act of Congress of June 6, 1900, 31 Stat. 415–418.

3. Statute cited note 2 supra. This statute was subsequently codified in Carter Code, Part IV, § 509 (1900); § 1341 CLA (1913); § 4061 CLA (1933); and § 55–11–51 ACLA (1949); see also SLA 1923, ch. 38, § 1 which amended § 1315 CLA (1913) to read in part:

> A party entitled to costs shall also be allowed * * * a reasonable attorneys' fee to be fixed by the court.

In Forno v. Coyle [4] the Ninth Circuit had occasion to construe a companion statute [5] to the attorney's fee statute just quoted. In its opinion the court said:

> By the act of 1923, amending the act of Congress, the Territorial Legislature of Alaska gave the courts the express power to impose 'reasonable' attorney's fees, and that what is 'reasonable' depends on the circumstances of each individual case.

Since the attainment of statehood and the activation of the Alaska Court System, the award of attorney's fees as costs has been governed by the Rules of Civil Procedure which were promulgated by this court pursuant to its constitutional rule making authority.[6]

Civil Rule 54(d) provides, in part with respect to costs, that:

> Except when express provision therefor is made either in a statute of the state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.

Directly involved in this appeal is the question of the proper application and construction of Civ.R. 82(a) which establishes the allowance of attorney's fees to the prevailing party as costs. In its pertinent portions Civ.R. 82(a) (1) provides:

> Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

ATTORNEY'S FEES IN AVERAGE CASES

|        |          | Contested | Without trial | Non-contested |
| ------ | -------- | --------- | ------------- | ------------- |
| First  | $ 2,000  | 25%       | 20%           | 15%           |
| Next   | $ 3,000  | 20%       | 15%           | 12.5%         |
| Next   | $ 5,000  | 15%       | 12.5%         | 10%           |
| Over   | $10,000  | 10%       | 7.5%          | 5%            |

> Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

> (2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

———◆——

Since its promulgation, issues pertaining to Civ.R. 82(a) have been before this court in five separate appeals. The first occasion that this court had to construe Civ.R.

This section of the code of civil procedure was subsequently codified as §§ 4065, 4066 CLA (1933) and § 55–11–55 ACLA (1949), which together with § 55–11–51 ACLA (1949) is now the subject matter of Civ.R. 54(d) and Civ.R. 82.

4. 75 F.2d 692, 696 (9th Cir. 1935).

5. See § 1345 CLA (1913) as amended SLA 1923, Ch. 38, § 1; subsequently § 55–11–55.

6. Civil Rule 93 and AS 09.60.010 which provides:
   Except as otherwise provided by statute, the supreme court shall determine by rule or order what costs, if any, including attorney fees, shall be allowed the prevailing party in any case.

82(a) occurred in Davidsen v. Kirkland.[7] That case involved an action for damages arising out of an alleged assault and battery. The defendant, who was the prevailing party, was awarded $1,700 as attorney's fees, which on appeal to this court were reduced to $800. In modifying the lower court's judgment in regard to attorney's fees, we said:

> In an action for a money judgment where there is no recovery, there may be allowed for the prevailing party, as part of the costs of the action, attorneys fees in a reasonable amount. The trial judge has a large discretion in this respect, and this court is reluctant to interfere with his determination. But here we feel that the amount awarded was unduly high. Although we do not disparage the ability of appellees' counsel or belittle the amount of labor he must have expended in preparing for trial, we cannot overlook the fact that the trial took only two days, that the material facts were few and demonstrable, and that the applicable legal principles were fairly certain. Therefore, we believe that to bring the amount of the attorney's fee within standards of reasonableness it should be reduced to $800.[8]

Preferred Gen. Agency, Inc. v. Raffetto[9] was the second case to come before us which contained issues relating to Civ.R. 82(a). In this case plaintiff sued both individual and corporate defendants for monies allegedly due him under a contract of employment. The plaintiff recovered $6,760 against the corporate defendant and was awarded $1,364 in attorney's fees under Civ.R. 82(a). The individual defendant prevailed and was awarded attorney's fees in the amount of $1,364 against plaintiff. Before this court plaintiff claimed that the individual defendant "was not entitled to attorney's fees, because he controls the corporation and the corporation was held liable to Raffetto [the plaintiff] for the compensation he sued for." In passing on this contention we wrote:

> We limit our review in matters of this kind to the question of whether the court exceeded the bounds of the broad discretion vested in it. The purpose of Civil Rule 82 in providing for the allowance of attorney's fees is to partially compensate a prevailing party for the costs to which he has been put in the litigation in which he was involved. The rule was not designed to be used capriciously or arbitrarily, or as a vehicle for accomplishing any purpose other than providing compensation where it is justified. In this case we are unable to detect any misuse of the rule. Jones was sued individually, but a case against him was not established. Under the literal terms of Civil Rule 82 he was a prevailing party and was entitled to his costs in the trial court's discretion. We find no abuse of that discretion.[10]

---

7. 362 P.2d 1068, 1070–1071 (Alaska 1961).

8. Shima v. Brown, 78 U.S.App.D.C. 268, 140 F.2d 337, cert. denied, 318 U.S. 787, 63 S.Ct. 982, 87 L.Ed. 1154 (1943), was cited in support of the text's reference to the court's discretion in these matters. United States v. Equitable Trust Co., 283 U.S. 738, 746, 51 S.Ct. 639, 75 L.Ed. 1379, 1385 (1931), was referred to in regard to the relevancy of the character of the litigation; and Roden v. Empire Printing Co., 16 Alaska 28, 33–34, 135 F.Supp. 665, 667 (D.C.Alaska 1955), was used for purposes of comparing respective lengths of trial and awards of attorneys' fees. In Roden plaintiffs had recovered $15,000 in damages for libel.

In his opinion Judge Walter Hodge wrote:

> A schedule of such attorneys' fees which are ordinarily fixed unless the Court, in its discretion, otherwise directs, is provided by Rule 45, Uniform Rules of the District Court for the District of Alaska. * * * This amount [$800] seems hardly sufficient in view of the extensive trial lasting six full days and the obvious extensive preparation for trial. Not being bound by the schedule, we feel that a fee of $1,000 should be justly allowed.

9. 391 P.2d 951 (Alaska 1964).

10. Id. at 954.

Liberty Nat'l Ins. Co. v. Eberhart[11] presented us with the third opportunity to resolve issues pertaining to this rule of civil procedure. Involved in *Liberty* were garnishment proceedings by a holder of a judgment, arising out of a personal injury action, against an automobile liability insurer of the judgment debtor. These garnishment proceedings resulted in a judgment which required appellant to pay, in addition to the $10,000 it had previously paid, costs in the sum of $3,401.35. Of $3,401.35 total costs, $2,850.00 represented "attorney's fees allowed as part of the costs of the action and computed on the basis of a percentage of the $20,000 judgment against appellant's insured, in accordance with Civil Rule 82(a)." Appellant unsuccessfully contended that under its policy it should be responsible "only for a pro rata share of the costs based upon the $10,000 limit of its liability under the insurance contract." Additionally appellant contended that because its insured had made a settlement offer of $10,000 before trial it should not be liable for costs. In ruling against appellant's contention we said:

Appellant does not elaborate on this point, and we fail to see where it has any merit. Had the judgment entered been less than or equal to the offer, then appellee would have been liable for the costs incurred after the offer in accordance with Civil Rule 68. But that rule has no application here because the judgment finally obtained by appellee was double the amount offered. The fact that the amount of the offer coincided with the insurance policy limit for which appellant was responsible does not change the result. Appellant was not a party to the litigation, and only parties are dealt with by Rule 68.[12]

In M–B Contracting Co. v. Davis[13] we alluded to our decisions in *Davidsen*[14] and

*Preferred General*[15] in concluding that the trial judge did not abuse his discretion under Civ.R. 82(a) in denying an attorney's fee to appellant who had prevailed against an injured workman on appeal in a workmen's compensation case.

The most recent occasion we have had to construe Civ.R. 82(a) was presented by Patrick v. Sedwick[16] where an award of $2,500 in attorney's fees had been made to appellant. In our opinion we pointed out that if the schedule set forth in Civ.R. 82(a)(1) had been adhered to appellant "would have been entitled to an award of attorney's fees in the amount of $5,100.00." In setting aside the judgment (on grounds other than the attorney fee issue) and remanding for further proceedings, we said:

Taking into consideration the amount of appellant's recovery and the complexity of the legal principles involved in the trial, we cannot discern, from a reading of the record, the basis for the trial court's departure from Civ.R. 82(a)'s schedule of fees. We hold that when a party recovers a money judgment in contested litigation the trial judge should indicate on the record his reasons for nonadherence to the fee schedule set forth in Civ.R. 82(a) in determining his award of attorney's fees. Since we have concluded to vacate the judgment entered below, on remand the superior court is directed to recompute the amount of attorney's fees to be awarded appellant. In the event the superior court again concludes not to adhere to Civ.R. 82(a)'s fee schedule, the reasons for such nonadherence should be indicated on the record.[17]

Against this decisional background the record reflects the following: Appellees sued appellant for personal injuries caused by a rear-end automobile collision. Appel-

11. 398 P.2d 997 (Alaska 1965).

12. Id. at 1000.

13. 399 P.2d 433, 437 (Alaska 1965).

14. Davidsen v. Kirkland, 362 P.2d 1068 (Alaska 1961).

15. Preferred Gen. Agency, Inc. v. Raffetto, 391 P.2d 951 (Alaska 1964).

16. 413 P.2d 169 (Alaska 1966).

17. Id. at 179.

lee Josephine M. Lee, who as a result of injuries sustained in the accident became a "permanent paraplegic," was awarded $300,761.71 after a six-day jury trial while her husband, appellee Jesse Lee, received a favorable verdict in the amount of $12,000. Appellant asks us to determine only one issue in this appeal, namely, whether the trial court's award of $32,126.17 in attorney's fees to appellees was erroneous.

Appellant essentially argues that the trial court's "mechanical compliance" with the fee schedule contained in Civ.R. 82(a) (1) was erroneous under the circumstances, because the case was a "run of the mill," "simple," automobile collision damage trial in which the issues were neither complex nor difficult to establish; one in which the actual trial time was not protracted; one in which there was no risk to counsel as negligence was admitted (alternatively characterized by appellant as a cause of a "relatively uncontested" nature) ; and that prior to trial he offered to settle with appellee Josephine M. Lee for the full amount of his insurance coverage and to let the court determine costs and attorney's fees. Appellant also argues that the dollar amount of a judgment is only one element to be taken into consideration by the trial judge in determining an allowance of attorney's fees.

After asserting that appellee Josephine M. Lee's judgment was covered only to the extent of $20,000 by appellant's insurance and that appellee Jesse Lee's judgment of $12,000 was within the second $20,000 limitation of his insurance, appellant stated, "In reality the *size* of the verdict has no practical or economic significance. Irrespective of its size, plaintiffs can recover thereunder only $32,000.00." [18]

Appellant concludes his argument with the statement "we have no criteria to suggest to the court here except the value of the reasonable services required" and with the suggestion that this court require

> that the trial court give consideration, in the fixing of attorney's fees in personal injury actions, to the coverage available, the ability of the defendant to respond for any excess, and the need for trial time.[19]

Appellees' treatment of this issue and appellant's arguments is rather cursory. Appellee's position is that appellant is healthy and has the ability to respond to the judgment; that appellant is the owner of a contract of insurance which requires payment of attorney's fees and the owner of "a possible action against his insurance company for the failure of the company to settle within policy limits." Along these same lines appellees also contend that they are not bound by appellant's statement of his asset position and that the collectibility of any given judgment is not a relevant factor in the trial court's determination of attorney's fees.[20]

Appellees also argue that the case was complex; that liability was at issue; and that the question of whether the insurance carrier attempted settlement in good faith is not properly an issue in this appeal.

The bulk of these arguments were advanced prior to the trial judge's determination of attorney's fees. In ruling on the question of attorney's fees, the trial court said in part:

> [T]he Rule says that the Court using the Rule adhere to it, unless it is manifestly unfair * * * and I don't believe so in this particular case. * * * And ac-

18. As part of this argument appellant additionally contends that he is without ability to respond to the judgment (being a career military noncommissioned officer) excepting to the extent of his liability insurance coverage of $20,000 for each person and $40,000 total limitation for each accident.

19. Mention should also be made of appellant's assertion that "there is justifica-

tion for believing the sole purpose for trial to be the substantially increased dollar recovery by way of attorney's fees exceeding the basic policy limit."

20. Appellees cite Fairbanks Publishing Co. v. Francisco, 390 P.2d 784, 798 (Alaska 1964), for the proposition that "neither the appellant nor the appellee may use their poverty to prevent or enhance the assessment of proper damages and costs."

cordingly, the Court has * * * entered its judgment on the verdict in this cause * * * fixing attorney's fees in the amount of $32,126.17. * * *

 We hold that the trial court did not abuse the broad discretion with which it is vested in concluding to adhere to Civ. R. 82(a) (1)'s schedule in a case where the prevailing parties have recovered money judgments. Civil Rule 82(a) (1) provides: "Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment * * *." Although we might differ with the trial judge as to the manner in which Civ.R. 82(a) should have been applied under the circumstances of this case, the rule requires the trial judge to follow the fee schedule unless he, in his discretion, chooses not to adhere to it. With such determinations we are "reluctant to interfere" and in this case have concluded not to set aside the trial court's award of attorney's fees.

In reaching this conclusion we reaffirm what we said in Preferred Gen. Agency, Inc. v. Raffetto,[21] namely, that:

> The purpose of Civil Rule 82 in providing for the allowance of attorney's fees is to partially compensate a prevailing party for the costs to which he has been put in the litigation in which he was involved. The rule was not designed to be used capriciously or arbitrarily, or as a vehicle for accomplishing any purpose other than providing compensation where it is justified.

The arguments now advanced by appellant in this appeal were considered by the trial court in reaching its conclusion to follow the fee schedule.[22]

---

21. 391 P.2d 951, 954 (Alaska 1964).

22. We agree with appellees' position that the collectibility of the judgment is not relevant to resolution of these issues. We also note that several of appellant's arguments are analogous to ones which were rejected by this court in Liberty

Whether the money judgment in this case was an accurate criteria for determining attorney's fees and whether the circumstances justified an award of such compensation to appellees are all matters which are left to the trial judge for decision under the rule. In light of the record in this case and considering the character of the litigation, the amount of recovery and the length of trial, we are not convinced that the trial court's adherence to the schedule was an abuse of discretion.

Affirmed.

Nat'l Ins. Co. v. Eberhart, 398 P.2d 997 (Alaska 1965). In that case appellant attempted to limit its liability for attorney's fees to a pro rata share based on its policy limits, and also attempted to argue for reduction of attorney's fees from the fact that his insured made an offer of settlement.