PIPELINERS UNION 798, UNITED ASSOCIATION, Appellant,

v.

ALASKA STATE COMMISSION FOR HUMAN RIGHTS, Appellee.

No. 6986.

Supreme Court of Alaska.

April 20, 1984.

Stephan H. Williams, Law Offices of Charles E. Cole, Fairbanks, for appellant.

Carolyn E. Jones, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and BUCKALEW, Judge.*

## OPINION

COMPTON, Justice.

In this appeal we are asked to decide whether the superior court erred in entering a judgment to enforce a back pay order issued by the Alaska State Commission for Human Rights ("the Commission") when an appeal of that order was pending before another superior court judge. We conclude that the two actions should have been consolidated; accordingly, we remand the case.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 1976, several individuals filed administrative complaints with the Commission, alleging that the Pipeliners Union 798, United Association ("the Union") had discriminated against the complainants on the basis of race and sex by its membership and dispatching practices during the construction of the Trans-Alaska Pipeline. In response to these complaints, the Commission initiated class action administrative proceedings in which it sought declaratory and injunctive relief on behalf of the class and back pay damages on behalf of certain individual complainants. In September 1981, the Commission adopted the hearing examiner's proposed order setting specific union dispatching quotas for any future union activities in Alaska. The Union did not appeal this order providing class relief. The Commission also issued orders awarding back pay to six individual complainants. In December 1981, the Union appealed the back pay orders to the superior court, as authorized by AS 18.80.135(a).[1]

In February 1982, the Commission filed a complaint in superior court to enforce the back pay orders pursuant to AS 18.80.-135(b).[2] In April 1982, the Commission moved for summary judgment. Judge Hodges granted the Commission's motion and entered a judgment ordering the Union to pay the amounts stated in the back pay orders. From this judgment, the Union appeals.

### II. INTERPRETATION OF AS 18.80.135

The Union first contends that the superior court erred in refusing to consider in the enforcement action the issues raised in its appeal from the back pay orders. As support for this contention, the Union quotes Professor Davis, who states:

> In general, the defendant in a civil or criminal proceeding brought to enforce an administrative order or regulation

---

* Buckalew, Superior Court Judge, sitting by assignment made pursuant to Article IV, section 16, of the Constitution of Alaska.

1. AS 18.80.135(a) provides:
 A complainant, or person against whom a complaint is filed or other person aggrieved by an order of the commission, may obtain judicial review of the order in accordance with AS 44.62.560–44.62.570.

2. AS 18.80.135(b) provides:
 The commission may obtain a court order for the enforcement of any of its orders by filing a complaint with the superior court in the judicial district in which the unlawful conduct is alleged to have occurred.

may defend on the ground of invalidity of the order or regulation, in absence of affirmative legislative intent to the contrary....

. . . .

Exceptions to the rule that one may challenge an order or regulation in an enforcement proceeding are rare and depend on special statutory provisions.

K. Davis, Administrative Law Text § 23.05, at 446–47 (3d ed. 1972) (footnotes omitted).

 We believe that both the pervasive system for administrative appeals set forth in our Appellate Rules 601–611 and the specific provisions of AS 18.80.135(a) provide an exception to this rule. "Our prior cases indicate that if an action in superior court seeks to review a prior administrative decision, it must be treated as an appeal fully subject to the appellate rules.... If the appellate rules apply, relief may be sought *only* in an appellate action." *Fedpac International, Inc. v. State of Alaska, Department of Revenue,* 646 P.2d 240, 241 (Alaska 1982). Appellate Rule 602(a) provides that an appeal from an administrative agency must be taken within thirty days from the date of the order and Appellate Rule 607 provides that the appellate rules "supersede all other procedural methods specified in Alaska statutes for appeals from administrative agencies to the courts of Alaska." Similarly, AS 18.-80.135(a) provides: "A complainant, or person against whom a complaint is filed or other person aggrieved by an order of the commission may obtain judicial review of the order in accordance with AS 44.62.560–44.62.570." AS 44.62.560 and 570 are sections of the Administrative Procedure Act which deal with judicial review in general and scope of review in particular. We have followed these sections to the extent that they are not inconsistent with the appellate rules. *Owsichek v. State of Alaska, Guide Licensing and Control Board,* 627 P.2d 616, 621 n. 9 (Alaska 1981). We therefore conclude that an order issued by the Commission may be challenged only in an administrative appeal of that order pursuant to the appellate rules and AS 18.80.135(a). Accordingly, the Commission may obtain an enforcement judgment under AS 18.80.-135(b) by showing (1) that the agency had jurisdiction over the subject matter and the person; (2) that venue was proper; (3) that the respondent had notice and an opportunity to be heard; and (4) that the respondent has failed to comply with the agency's order.[3]

The Union next contends that the superior court erred in not consolidating the enforcement action and the appeal.[4] As a matter of convenience and judicial economy, we agree that an action to enforce an order and an appeal from that same order should not proceed simultaneously in different courts. It is inefficient for the same order to be considered in two separate proceedings. Absent any showing of inconvenience, delay, confusion, prejudice or expense to the other party, it would be a

---

**3.** We note that the Commission is not required to initiate an enforcement action to enforce its orders when an appeal is filed because a judgment on appeal that affirms the order will be self-enforcing. AS 18.80.135(a) provides for judicial review in accordance with the Administrative Procedure Act, AS 44.62.010–.650. One provision of the Act, AS 44.62.570(e), states that, after considering the merits of an administrative appeal, the superior court "shall enter judgment setting aside, modifying, remanding, or affirming the order or decision ...." Once the reviewing court enters judgment, the enforcement action becomes unnecessary because, if the court sets aside or remands the order, there is nothing to enforce. If, on the other hand, the court enters a judgment affirming or modifying the order, this judgment is enforceable. This provision is consistent with appellate rule 609 granting the superior court in an administrative appeal "power to make such orders as are necessary and proper to aid its appellate jurisdiction." Thus, if the Commission is willing to wait until the judgment on appeal is entered, it need not initiate an enforcement action under AS 18.80.-135(b).

**4.** Although no motion to consolidate the enforcement action and the appeal was filed with the court, the Union urged the court to consolidate the proceedings in its Answer to the Complaint and in its Opposition to Summary Judgment. The Commission agreed that consolidation would be an acceptable alternative to summary judgment, providing that the Union post a supersedeas bond under Appellate Rule 603(a)(2).

more economical use of judicial resources for the same court to entertain both an action to enforce an order and the appeal of that order. In this case, the Commission does not indicate how it would be harmed by consolidation; indeed it viewed consolidation as an acceptable alternative to granting its motion for summary judgment.

In federal courts, the possibility of an order being appealed and enforced in different courts at the same time does not arise. Under 28 U.S.C. § 2112(a) (1976), if proceedings "to enjoin, set aside, suspend, modify, or otherwise review or enforce orders of administrative agencies ... have been instituted in two or more courts of appeals with respect to the same order," the proceedings are to be transferred to the court of appeals in which the first petition was filed. That court may then transfer the consolidated proceedings elsewhere if the interests of justice so require.[5]

■■■ In conclusion, we hold that AS 18.80.135(a) provides the exclusive means of reviewing an order issued by the Commission, and therefore the order cannot be reviewed in an enforcement action filed pursuant to AS 18.80.135(b). We also hold that when an enforcement action is filed while an appeal is pending, the two actions should be consolidated under Alaska Civil Rule 42(a).[6] In the present case, the enforcement action was filed while the Union's appeal was pending. Although the superior court was correct in not reviewing the order in the enforcement action, we

conclude that the court abused its discretion in not ordering consolidation of the two actions. Accordingly, if the appeal has not yet been decided, we remand the case with instructions to consolidate the enforcement action and the appeal. If the appeal has been decided, then, of course, consolidation cannot occur.

## III. APPLICABILITY OF STAY PROVISIONS

■■■ The remaining issue to be decided is whether in a consolidated review and enforcement proceeding the court can enter an enforcement judgment before entering a judgment on the appeal. The Commission contends that an enforcement judgment may be entered if no stay is obtained pursuant to Appellate Rule 603(a)(2).[7] Appellate Rule 603(a)(2) provides in part: "When an appeal is taken, the appellant may obtain a stay of proceedings to enforce the judgment by filing a supersedeas bond ... with the superior court in administrative appeals, not later than 30 days after entry of the judgment or administrative order appealed from."[8]

The Union contends that Rule 603(a)(2) applies only to self-enforcing orders, i.e., administrative orders that may be enforced or effectuated without first seeking a court order or judgment. It notes that a back pay order issued by the Commission does not have the legal effect of a monetary judgment for enforcement purposes; there-

---

5. Alaska has not adopted rules which explicitly set out similar procedures in the context of administrative appeals and enforcement. The court is submitting the question to its standing advisory committee for study and recommended rule change. (*See* 28 U.S.C. § 2112(c) (1976))

6. Alaska R.Civ.P. 42(a) provides:
 When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

7. The Commission relies on *Liberty National Ins. Co. v. Eberhart,* 398 P.2d 997 (Alaska 1965),

which held that a stay is necessary "to prevent enforcement of a judgment during the pendency of an appeal." *Id.* at 998. This case concerned the operation of Supreme Court Rule 7(d) (now Appellate Rule 204(d)), which applied only to stays of civil judgments in the superior court while an appeal in the supreme court was pending.

8. Although administrative orders are not expressly included within the phrase "proceedings to enforce [a] judgment," we intended and now make clear that the stay provisions of Appellate Rule 603(a)(2) apply to proceedings enforcing administrative orders as well as district court judgments. *Wise Mechanical Contractors v. Bignell,* 626 P.2d 1085, 1087 (Alaska 1981).

fore, according to the Union, until the order is reduced to judgment, there is no reason to seek a stay.[9]

 We agree that the respondent in an administrative action need not seek a stay of an order that has no coercive effect in itself; if the agency never initiates an action to enforce the order, there is nothing that needs to be stayed. If, however, the agency does initiate an enforcement action, which is consolidated with an appeal, the enforcement action could proceed to judgment before the order is reviewed. This result would be beneficial when an agency order needs to be enforced quickly to protect the interests of the public or the complainant. As we stated above, an enforcement judgment may be obtained upon a showing that personal and subject matter jurisdiction and venue exist, that notice and an opportunity to be heard have been given, and that the order has not been complied with. To not issue an enforcement judgment until the order is also reviewed in the appeal may result in detrimental delay to the agency. If, after entering an enforcement judgment, the court reverses the administrative order upon review, the respondent may seek relief from the enforcement judgment under Civil Rule 60(b)(5).[10]

 In order to prevent the issuance of an enforcement judgment before the order is reviewed, the respondent may seek a stay of enforcement proceedings under either Appellate Rule 603(a)(2) or AS 44.62.-570(f). This statute provides: "The court in [judicial review] proceedings ... may stay the operation of the administrative order or decision until (1) the court enters judgment, (2) a notice of further appeal from the judgment is filed, or (3) the time for filing the notice of appeal expires." AS 44.62.570(g) provides: "No stay may be imposed or continued if the court is satisfied that it is against the public interest." [11]

 The Commission asserts that if the court imposes a stay under AS 44.62.-570(f), it must condition the stay upon the posting of a bond. Unlike Appellate Rule 603(a)(2), AS 44.62.570(f) does not require the posting of a supersedeas bond before a stay may be imposed. We believe that under AS 44.62.570(f), a court is neither required to nor barred from placing conditions upon its imposition of a stay. This is analogous to the court's inherent authority to condition its setting aside a default under Civil Rule 55(e) on payment of costs and attorney's fees by the defendant to the plaintiff, even though Rule 55(e) does not so expressly provide. 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, § 2700, at 537–38 (2d ed. 1983) (cit-

---

**9.** The basic difference between monetary awards by court judgments and awards by agency orders is explained as follows:

> The courts not only possess the power to award damages; the judicial process has available to it a method of enforcing a money judgment—i.e., through execution issued from the court to the sheriff or other appropriate officer directing him to satisfy the judgment out of property or income of the judgment debtor. An agency may not be given the power to enforce its money awards by administrative execution or any comparable method. Administrative money awards are normally enforced through the courts, by actions to recover the money awarded. Another possibility, more rarely used, is to give the agency award the legal effect of a money judgment for enforcement purposes, so that execution to enforce it may be levied by the sheriff or other appropriate enforcement officer.

B. Schwartz, Administrative Law § 30, at 72 (1976) (footnotes omitted).

**10.** Alaska R.Civ.P. 60(b)(5) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

**11.** Imposing a stay of an enforcement proceeding is discretionary under AS 44.62.570(f), whereas it is mandatory under Appellate Rule 603(a)(2) upon the posting of a supersedeas bond within thirty days after entry of the administrative order. Thus, to ensure that an enforcement proceeding, if initiated, would be stayed until the order is reviewed, a respondent could seek a stay under Appellate Rule 603(a)(2).

ing *E.W. Montgomery Co. v. Gwin*, 58 F.2d 779, 781 (N.D.Miss.1932) (equitable powers permit court to set aside decree pro confesso conditioned on posting bond)). Of course, the imposition of such conditions is subject to review for arbitrariness or abuse of discretion.

In conclusion, the Union need not seek a stay of an administrative order that is not self-enforcing. Furthermore, in a consolidated proceeding of an action to enforce an order and the appeal of that order, an enforcement judgment may be entered before the order is reviewed unless the court imposes a stay of the enforcement cause of action. A monetary enforcement judgment may be stayed as a matter of right upon the posting of an appropriate supercedeas bond under Appellate Rule 603(a)(2). Should appellant proceed under AS 44.62.-570(f), the imposition of a stay is discretionary, as is placing conditions on the imposition of that stay.

The case is REMANDED to the superior court for further proceedings consistent with this opinion.

MOORE, J., not participating.