Leslie **HEPPINSTALL and Mark Heppinstall, Appellants,**

v.

**DARNALL KEMNA & CO., INC., a California corporation, Appellee.**

No. S–4853.

Supreme Court of Alaska.

May 7, 1993.

William M. Bankston, Bankston & McCollum, Anchorage, for appellants.

No appearance by appellee.

---

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

BURKE, Justice.

### I. *FACTS & PROCEEDINGS*

Leslie Heppinstall and Mark Heppinstall filed a lawsuit against Darnall Kemna & Co., Inc. in 1988 for securities fraud. Following a bench trial on damages, the superior court granted partial summary judgment to the Heppinstalls on the issue of liability and the case proceeded to a bench trial to determine damages.

In December 1990 the superior court awarded the Heppinstalls rescissionary damages in the amount of $106,177 plus interest, costs, and attorney's fees. Darnall Kemna appealed this judgment.

In May 1991 the Heppinstalls served interrogatories and a request for production in aid of judgment on Darnall Kemna's attorney. When Darnall Kemna failed to respond, the Heppinstalls filed a motion to compel discovery with the superior court. The superior court granted the unopposed motion and ordered Darnall Kemna to respond to the discovery request within ten days. Darnall Kemna did not respond within 10 days apparently taking the position that the superior court had no jurisdiction to compel post-judgment discovery in this case.

The Heppinstalls then filed a motion for sanctions and an order to show cause. Following a show cause hearing, the superior court denied the Heppinstalls' motion, reasoning that it did not have jurisdiction to sanction Darnall Kemna for its failure to respond to the post judgment discovery request. The Heppinstalls appeal. We reverse.

### II. *DISCUSSION*

The question before us here is whether the superior court has jurisdiction to order a judgment debtor to comply with a judgment creditor's post-judgment discovery requests pending appeal.[1] We must also determine whether the trial court can impose sanctions to enforce its order compelling post-judgment discovery.[2]

As a threshold matter, we note that an appeal does not necessarily operate to prevent execution on a judgment. *Liberty National Ins. v. Eberhart,* 398 P.2d 997, 998 (Alaska 1965). If an appellant seeks to stay enforcement pending appeal, he must present a bond as security to the trial court. Alaska R.App.P. 204(d); Alaska R.Civ.P. 62(d). Failure to file a bond or obtain a stay leaves the judgment debtor open to the trial court's enforcement of the judgment against him. *Liberty National,* 398 P.2d at 998. Because Darnall Kemna neither presented the trial court with a bond nor applied for a stay, the trial court may properly enforce the judgment against it. *Id.*[3]

Civil Rule 69(a) specifically provides that, to aid in the execution of a judgment, the

---

1. We review questions of law *de novo. See Foss Alaska Line, Inc. v. Northland Servs., Inc.,* 724 P.2d 523, 526 (Alaska 1986).

2. Darnall Kemna devotes 48 pages to argue that the superior court lacked jurisdiction originally and that the superior court failed to re-establish jurisdiction to enforce the valid judgment. Both arguments are completely without merit under Alaska law. Because Darnall Kemna answered and counterclaimed without objecting to the court's jurisdiction, it waived any challenge to personal jurisdiction. *See* Alaska R.Civ.P. 12(h)(1).

3. In *Blake v. Gilbert,* 702 P.2d 631, 642 (Alaska 1985) we stated:

   The superior court has jurisdiction, pending appeal, to expunge the lis pendens. Alaska Appellate Rule 203 provides:

   The supervision and control of the proceedings on appeal is in the appellate court from the time the notice of appeal is filed with the clerk of the trial courts.

   Rules such as this which divest the trial court of jurisdiction pending appeal apply only to "matters directly or necessarily involved in the matter under review, and [do] not preclude the trial court from proceeding as to collateral or independent matters." 4 Am. Jur.2d *Appeal and Error* § 355, at 834 (1962); *see also Bullock v. Director of Patuxent Institution,* 231 Md. 629, 190 A.2d 789 (Md.App. 1963); *Morrison v. Morrison,* 93 N.J.Super. 96, 225 A.2d 19 (Ch.Div.1966) (awarding attorney's fees pending appeal). Expunging a lis pendens is a collateral matter, and the trial court has jurisdiction to do so pending appeal.

judgment creditor may obtain discovery from the judgment debtor "in the manner provided in these rules." Alaska R.Civ.P. 69(a). "[T]hese rules" include Civil Rule 37, which enables a trial court to compel discovery, and to sanction a party for disobeying an order to compel. Alaska R.Civ.P. 37. Rule 37 does not distinguish between pre- and post-judgment discovery. Indeed, a judgment creditor's right to seek discovery under Rule 69(a) would be hollow if he were unable to force an uncooperative judgment debtor to comply.

Rule 69(a) enables a party seeking discovery in aid of execution of judgment to motion the superior court to compel the judgment debtor to comply with its discovery requests. Additionally, the superior court has jurisdiction to impose sanctions if the judgment debtor does not comply with its order to compel.[4]

### III. CONCLUSION

The trial court has jurisdiction to enforce the execution of its judgment pending Darnall Kemna's appeal because Darnall Kemna has neither obtained a stay on appeal nor presented a bond. Because it has the authority to supervise the execution of its judgment, the trial court may compel Darnall Kemna to answer the Heppinstalls' requests for discovery. If the trial court determines that Darnall Kemna willfully failed to comply with its order to compel, it may award sanctions.

This case is REVERSED and REMANDED to the superior court for a determination on the merits of the Heppinstalls' Motion for Sanctions and Order to Show Cause.

---

**4.** Other courts have found that trial courts have jurisdiction to compel compliance with post-judgment discovery requests. *See, e.g., National Services Indus. v. Vafla Corp.,* 694 F.2d 246, 250 (11th Cir.1982) (applying the federal counterpart to Civil Rule 37). In addition to holding that the trial court could compel discovery pending appeal, the court in *National Services* affirmed the trial court's substantial sanction for the defendant's non-compliance. *Id.*