**Richard L. HOFFMEISTER, Appellant (Plaintiff-Appellant below),**

v.

**John McINTOSH, Appellee (Defendant-Appellee below).**

No. 2941.

Supreme Court of Wyoming.
April 26, 1961.

Moran, Hettinger & Leedy, R. Lauren Moran, Riverton, for appellant.

Spence, Hill, Oeland & Tschirgi, G. L. Spence, Riverton for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Upon the application of John McIntosh, the owner of ranch land, the Board of County Commissioners of Fremont County entered an order establishing a private road across the adjoining premises of Richard L. Hoffmeister. An appeal to the district court was dismissed on the ground that the matter was not properly before it; and the court thereafter, purporting to act under the authority of § 48–306, W.C.S. 1945, as amended by c. 181, S.L. of Wyoming, 1953 (now § 24–6, W.S.1957), adjudged that there was necessity for the establishment of the road. The question before us is the propriety of the judgment both as to the dismissal of the appeal from the board and the adjudication of necessity.

Hoffmeister urges that the applicable statutes are §§ 24–92, 24–93, and 24–94, W.S. 1957, which deal with the establishment of private roads. McIntosh on the other hand insists that the appeal is governed by § 24–61, W.S.1957, or if not, that the Wyoming Rules of Civil Procedure, specifically Rules 72, 73, and 75, control and in either event that there was no requisite procedure taken to effect an appeal so that the judgment of dismissal was proper.

■ Obviously, § 24–61 does not govern the appeal since it specifically refers to a "public road" rather than a private road. Additionally, the context, position of the sections, and the insertion of subheads in the original Act (c. 69, S.L. of Wyoming, 1895) are unmistakable indicia that the legislature intended to prescribe different procedures for the establishment of public roads (which then included national, state, territorial, and county roads) and for the establishment of private roads. "The intention of the lawmaking body to be gathered from the terms of the statute in the light of the objects and purposes intended to be accomplished is always the controlling factor in the construction of legislative acts." In re Lambert, 53 Wyo. 241, 80 P.2d 425, 428.

Moreover, in his original application to the board, McIntosh said that he was acting under § 48–331, W.C.S.1945, which is now § 24–92, W.S.1957, the companion section of § 24–94. He cannot at this stage alter his position. The record indicates that there was a compliance by Hoffmeister with the requirements for appeal under § 24–94, which in its germane portion provides:

"* * * Any person aggrieved by the action of the board or as to the amount of damages awarded, may appeal to the district court at any time within thirty days after said road is finally established by said board of county commissioners."

■■ We now advert to a consideration of the contention that the Wyoming Rules

of Civil Procedure apply. It might be argued that by a strict interpretation Rule 1 thereof contemplates the procedures established to apply only in courts of record; but all rules must be construed together [1] and perhaps, as McIntosh contends here, Rule 72(e) does apply. Conceding this to be true, we think that there was a substantial compliance with the portions of Rules 73 to 76 not contravened by specific statutes applicable to the facts in this case. We find therefore that the appeal was properly taken and that the district court should have considered the matter on its merits.

■ Some analysis of § 24-6, W.S.1957, is essential to a determination of the propriety of the decretal portion of the judgment. Subdivision (a) thereof is substantially similar to § 3, c. 69, S.L. of Wyoming, 1895, which related to "county roads." Subdivision (b) which came into being as a part of § 2, c. 181, S.L. of Wyoming, 1953, reads:

"Any land owner or interested party desiring to raise any question with respect to the necessity of the taking of the land for road purposes under the provisions of chapter 48, article 3, Wyoming Compiled Statutes, 1945, shall do so by filing, within thirty (30) days after the last publication of notice of the proposed location of such road, a petition in the district court of the county in which the land or any part thereof is located. The district court shall within ten (10) days, if possible, from and after the filing of said petition hear and determine the question of necessity. Provided that when said petition is filed, the burden of showing necessity shall be sustained by the county or the state highway department. If no petition, to raise the question of necessity, is filed within the said thirty (30) day period, the necessity shall be presumed and the question cannot later be raised."

This provision is ambiguous in that it purports to relate to all matters contained in c. 48, art. 3, W.C.S.1945, whereas its reference to the burden of necessity being placed upon the county or the state highway department shows clearly that the legislature did not contemplate that this subdivision should govern in the establishment of private roads. Moreover, the sections relating to private roads were not repealed or altered by the amendment. Section 24-6 had no application to the situation here, and the court was therefore without authority in its adjudication of necessity.

The judgment must be reversed and the cause remanded to the district court for action consistent with the views herein expressed.

Reversed and remanded.

1. Canister Co. v. Leahy, 3 Cir., 182 F.2d 510; United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510; Westland Oil Co. v. Firestone Tire & Rubber Co., D.C.N.D., 3 F.R.D. 55. And see 1 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, § 139 (1960).