Donna Lee ALBRITTON and Johnny M.
Albritton, Appellants,

v.

ESTATE of Dean LARSON, Appellee.

No. 793.

Supreme Court of Alaska.

May 26, 1967.

Lloyd I. Hoppner, of Rice & Hoppner, Fairbanks, for appellants.

Edward A. Merdes and Grace Berg Schaible, of Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

In the court below appellants commenced a personal injury action against appellee, the Estate of Dean Larson. On October 21, 1965, approximately one year after the case was at issue, appellee's counsel filed in the superior court an instrument which was captioned in part "PAYMENT INTO COURT OF POLICY LIMITS AND COSTS TO DATE." Where pertinent, this document reads as follows:

[Appellee] does hereby tender in cash * * * the full policy limits under [Appellee's] liability insurance policy plus $1,000.00 extra to cover [Appellants'] costs to date, into the registry of this Court with the request that the Court notify [Appellants] of said payment and tender payment to said [Appellants].

\* \* \* \* \* \*

That by virtue of this payment [Appellee] and its insurance carrier will re-

quest the Court to relieve them of any liability for costs and Court awarded attorney's fees or interest that may be granted thereon as a result of any judgment [Appellants] may obtain.[1]

From the record it appears that some three months subsequent to the filing of this payment instrument the parties, through their counsel, entered into a stipulation which they caused to be filed in the lower court. The relevant portion of the stipulation states:

[T]hat [Appellee's] offer of judgment for the sum of $25,000.00 plus $1,000.00 for [Appellants'] costs, be and the same is hereby accepted and that the above action may be dismissed with prejudice subject only to a Court determination of whether or not [Appellants] are legally entitled to recover any Court awarded attorney's fees under the posture of this case as of the close of business on October 21, 1965, the day [Appellee's] document entitled 'Payment Into Court of Policy Limits and Costs to Date' was filed in this action and State Farm Insurance Company's draft 1 15 148 723 J was deposited into the registry of this Court. Said $26,000 may be released.

At the foot of this stipulation appeared a proposed form of order [2] which was signed by Judge Everett W. Hepp. Appellants thereafter filed a motion for attorney's fees. Opposition was filed and the trial court, after hearing oral argument, denied appellants' motion. Appellants then moved for additional findings,[3] or in the alternative, for rehearing on their original motion for attorney's fees. The trial court granted

---

1. The instrument also stated:
   That said offer of policy limits plus said $1,000.00 in costs was made to [Appellants] through their counsel but was rejected and refused by said [Appellants] and their counsel.

2. This portion of the stipulation read:
   ORDER
   IT IS SO ORDERED this 11 day of January, 1966.
   /s/ Everett W. Hepp
   Superior Court Judge

See Civil Rule 78(c) which provides for this type of order based upon stipulation.

3. The superior court's denial of attorney's fees to appellant was embodied in a minute order dated June 1, 1966. No findings were made by the trial court in regard to this initial order denying attorney's fees.

appellants a rehearing and denied appellants' motion for additional findings. The parties were afforded the opportunity of filing additional briefs. The superior court then entered an order denying appellants' motion for attorney's fees. Appeal was thereafter taken to this court from the superior court's second order denying attorney's fees. Appellants contend that the superior court erred in refusing to award them attorney's fees.

◼ We deem it appropriate to first consider the nature of the payment and stipulation instruments. When considered without reference to the stipulation, we are of the opinion that the payment document is neither a confession of judgment under Civil Rule 57(b)[4] nor an offer of judgment under Civil Rule 68.[5] The October 21, 1965, payment document does not meet the criterion of an offer of judgment under Civil Rule 68. It was not served on appellants but was first filed in the superior court with a request "that the Court notify" appellants of the payment into court "and tender payment." More significantly, the payment document is devoid of any offer to allow judgment to be taken against appellee for a specified sum of money together with "costs then accrued."[6] Isolated from the stipulation, the payment document, at most, could be considered a deposit in the superior court made under the provisions of Civil Rule 67(a).[7]

4. Civil Rule 57(b) concerns the subject of confession of judgment after an action has been commenced. Subdivision (1) of the rule provides:
> On the confession of the defendant, with the assent of the plaintiff or his attorney, a judgment may be given against the defendant in any action, for any amount not exceeding or relief different from that demanded in the complaint.

Subdivision (2) of Civil Rule 57(b) states:
> The confession shall be in writing and signed by the defendant. The assent shall be in writing and signed by the parties or their attorneys. The confession and assents shall each be acknowledged before an officer authorized by law to administer oaths unless the parties or their attorneys appear in court when the judgment is given. The confession, assent and acknowledgment, if any, shall be filed with the clerk.

Subsection (c) of Civil Rule 57 concerns the procedures pertaining to confession of judgments without prior institution of an action. AS 09.30.050 of our Code of Civil Procedure also deals with the subject of confession judgments.
In our opinion it is not even arguable that the payment document could be interpreted to be a confession of judgment.

5. Civil Rule 68 reads in full as follows:
> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.

6. Compare Form 128, Forms for Rules of Civil Procedure, which reads in part:
> Defendant, pursuant to Civil Rule 68, hereby offers to allow entry of judgment for plaintiff in this action for $——— plus $——— in costs to date hereof. This is an offer of compromise only, and is not to be construed as an admission.

See also Forms 129 and 130 pertaining to acceptance of offer of judgment and judgment upon an offer and acceptance.

7. This rule of civil procedure reads:
> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all

This leads to consideration of whether the stipulation which was entered into and filed subsequent to the filing of the payment document in any way changed the character of this latter document. As can be seen from the portion of the text of the stipulation which has been set out, the payment document is characterized as appellee's "offer of judgment for the sum of $25,000.00, plus $1,000.00 for [Appellants'] costs." The text of the stipulation then states that appellants have accepted appellee's offer of judgment, and further provides for the dismissal with prejudice of appellants' causes of action. Under the stipulation this dismissal was specifically made "subject" to the superior court's determination of whether appellants were

> legally entitled to recover any Court awarded attorney's fees under the posture of this case as of the close of business on October 21, 1965, the day [Appellee's] document entitled 'Payment Into Court of Policy Limits and Costs to Date' was filed in this action * * *.

■ We believe that a reasonable construction of the stipulation is that the parties agreed that the October 21, 1965, payment document was to be considered as an offer of judgment which, in turn, appellants accepted by virtue of the stipulation.

■ As we have pointed out, the superior court, acting pursuant to the stipulation, entered an order, the effect of which was to dismiss with prejudice appellants' causes of action.[8] This order was a "judgment" as that term has been defined in our Rules of Civil Procedure.[9] Thus, the only matter remaining open for determination by the superior court was the question whether appellants were entitled to recover "any Court awarded attorney's fees" as of October 21, 1965, the date that appellee filed the payment document in superior court. The issue presented by this appeal appears to be one of first impression.[10] Counsel have not cited any precedents arising out of comparable factual situations.

In their briefs both parties concentrate on the question of whether or not appellants were prevailing parties and, assuming that they were, whether the trial court erred in concluding not to award attorney's fees under Civil Rule 82(a) (1).[11]

AS 09.60.010 of our Code of Civil Procedure provides that this court "shall determine by rule or order what costs, if any,

---

or any part of such sum or thing. Money paid into the court under this order shall be deposited and withdrawn in accordance with the provisions of rules governing the administration of the courts.

8. In regard to the voluntary dismissal of an action, Civil Rule 41(a) (1) [b] provides that an action may be dismissed by the plaintiff without order of court

> by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state, or of any other state, or in any court of the United States, based on or including the same claim.

9. Civil Rule 54(a) provides in part that " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

10. None of our prior decisions concerning attorney's fees dealt with the precise question raised by the case at bar. See McDonough v. Lee, 420 P.2d 459 (Alaska 1966); Kenai Power Corp. v. Strandberg, 415 P.2d 659 (Alaska 1966); Patrick v. Sedwick, 413 P.2d 169 (Alaska 1966); Liberty Nat'l Ins. Co. v. Eberhart, 398 P.2d 997 (Alaska 1965); Buza v. Columbia Lumber Co., 395 P.2d 511 (Alaska 1964); Davidsen v. Kirkland, 362 P.2d 1068, 1070 (Alaska 1961).

11. This rule provides for the allowance of attorney's fees to the prevailing party as costs. Subsection (a) (1) provides in part:

> Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law * * *.

> *        *        *        *        *

> Should no recovery be had, attorney's fees for the prevailing party may be

including attorney fees, shall be allowed the prevailing party in any case." In addition to this statute, two rules of civil procedure are pertinent. Civil Rule 54(d) provides:

> Except when express provision therefor is made either in a statute of the state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. The procedure for the taxing of costs by the clerk and review of his action by the court shall be governed by Rule 79.

■ As we have noted, Civil Rule 82(a) provides for the allowance of attorney's fees as costs to "the party recovering any money judgment," to "the prevailing party," and "to the prevailing side." In our view, we need not decide whether, under the circumstances of this record, appellants were prevailing parties within the meaning of Civil Rule 54(d) and Civil Rule 82(a) (1).[12] Assuming that appellants were the prevailing parties, in the circumstances under which the question was presented to the trial judge for determination, he was vested with wide discretion as to whether attorney's fees should be awarded.[13]

■■ On the record in this appeal we cannot say that the superior court abused its discretion in failing to award attorney's fees to appellants. The superior court could have been influenced by the text of the stipulation which appellants had entered into.[14] The stipulation framed the question of attorney's fees in such a manner that the court was asked to determine whether appellants were entitled to attorney's fees as of the date the payment document was filed in court. At the time that document was filed it did not meet the requirements of an offer of judgment under Civil Rule 68. Therefore, the superior court could have determined that appellants were not, at that time, legally entitled to an award of attorney's fees. Also, the trial court might conceivably have been influenced by the fact that no judgment providing for recovery by appellants against appellee was ever stipulated to or entered as of record below. As we have noted, by virtue of the terms of the stipulation and the order appended thereto, appellants' causes of action were dismissed with prejudice. Regardless of the foregoing possibilities, we hold that when an action has

---

fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

Subsection (2) of this rule provides:

In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

12. In Buza v. Columbia Lumber Co., 395 P.2d 511, 514 (Alaska 1965) (footnotes omitted), this court stated:

The dictionary states that 'PREVAILING applies esp. to that which is predominant,' and it has been established by case law that the prevailing party to a suit is the one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention. He is the one in whose favor the decision or verdict is rendered and the judgment entered.

13. Compare Cruz v. Pacific Am. Ins. Corp., 337 F.2d 746, 750 (9th Cir. 1964), which involved the federal counterpart to our Civil Rule 68. In its opinion the court stated:

As to the attorneys' fees, they are another matter. They had not 'accrued' nor were they certain in amount when the offer was accepted. They were to be taxed as costs subsequently. The matter of costs is largely discretionary with the trial court, and particularly in cases of this nature.
* * *
Further, the insurer did not specifically refer in its offer of compromise to, any willingness to pay attorneys' fees. It must be presumed the offerer had in mind saving something for itself * * *.

See also Gamlen Chem. Co. v. Dacar Chem. Prods. Co., 5 F.R.D. 215 (W.D. Pa.1946).

14. In denying appellants' original motion for attorney's fees, as well as denying appellants' motion for rehearing of this issue, the trial court did not state, of record, any reasons for its decisions.

been settled pursuant to Civil Rule 68, the trial court is vested with wide discretion in determining attorney's fees under the "with costs then accrued" portion of the rule, and the court's determination will be set aside only upon a showing of clear abuse of that discretion.[15] We hold that the superior court did not abuse its discretion in failing to award attorney's fees to appellants in this case.

Affirmed.

15. Again, we point out that we assumed appellants were in fact the prevailing parties under our pertinent rules of civil procedure, and that the stipulation converted the October 21, 1965, payment document into an offer of judgment which met the requirements of Civil Rule 68.