H. D. DE WITT d/b/a Consolidated Construction Company, Appellant,

v.

LIBERTY LEASING COMPANY OF ALASKA, Inc., an Alaskan Corporation, Appellee.

No. 1638.

Supreme Court of Alaska.

July 28, 1972.

H. Bixler Whiting, Fairbanks, for appellant.

James L. Johnston, Anchorage, for appellee.

Before BONEY, C. J., and RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

ERWIN, Justice.

This is an appeal from a denial of costs and attorney's fees.

On Novermber 7, 1969, a construction contract was executed by the parties to this appeal under which appellant constructed a warehouse for appellee in Anchorage. After notification that the construction had been completed, appellee refused to tender final payment and, on May 19, 1970, filed suit against appellant seeking damages in excess of $3,000 for allegedly defective and incomplete performance. Appellant filed an answer denying any failure of performance on his part and counterclaimed for $23,649.71, an amount which represented the final payment due under the contract and compensation for certain extra work allegedly done at the request of appellee. In its answer to appellant's counterclaim, appellee denied liability for extra work.

Lawsuits filed by several subcontractors were consolidated with the above suit. On the first day of trial it was stipulated that the sums claimed due by the subcontractors were valid and unpaid debts; thus the subcontractors did not participate further in the trial. Judgments, including awards for costs and attorney's fees, were entered in favor of the subcontractors and against appellant.

Following a four-day nonjury trial, the trial court rendered a written opinion which contained its findings of fact and conclusions of law; almost all the disputed claims were resolved favorably to appellant. The court found that defects in the warehouse were the result of unsuitable fill provided by appellee and that appellant had repeatedly warned appellee of possible problems. The court therefore denied appellee's claim for damages and awarded appellant the amount owing under the contract ($8,627). The court also found that appellee had agreed to additional work made necessary by a change in the site of the warehouse. With the exception of two expenses totaling $4,800, which the court concluded would have also been incurred under the construction as originally planned, the court found that appellant was entitled to compensation for the extras claimed ($9,109.11). Finally, with the exception of a $93.64 electric bill, the court rejected appellee's claims for various bills it allegedly paid on behalf of appellant.

In summary, the court rendered judgment in favor of appellant for $17,736.11 plus interest while granting an offset to appellee for the $93.64 electric bill.

Regarding costs and attorney's fees, the court stated in its opinion:

> Under the circumstances here existing I am of the opinion that neither party should be entitled to costs or attorney's fees, and I allow no costs or attorney's fees on either side.

Appellant subsequently filed a motion with the court for an award of costs and attorney's fees. Appellee opposed the motion and a hearing was held. During the course of the hearing the court stated that neither party prevailed in the lawsuit, that appellee was wrong in not paying appellant and that appellant was wrong in not paying his subcontractors.

Under AS 09.60.010 [1] and Civil Rule 54(d), [2] the prevailing party is entitled

---

1. AS 09.60.010 provides:
   Except as otherwise provided by statute, the supreme court shall determine by rule or order what costs, if any, including attorney fees, shall be allowed the prevailing party in any case.

2. Civil Rule 54(d) provides:
   Except when express provision therefor is made either in a statute of the state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. The procedure for the taxing of costs by the clerk and review of his action by the court shall be governed by Rule 79.

to costs, including an award for attorney's fees.[3] The determination of which party prevailed is committed to the discretion of the trial court[4] and is reviewable on appeal only for abuse.[5] In this case we have concluded that the trial court's determination that neither party prevailed was "manifestly unreasonable;"[6] and as a result, its disallowance of costs and attorney's fees constituted error.

In Buza v. Columbia Lumber Company, 395 P.2d 511, 514 (Alaska 1964), this court discussed the meaning of the term "prevailing party":

> The dictionary states that *'Prevailing* applies esp. to that which is predominant,' and it has been established by case law that the prevailing party to a suit is the one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention. He is the one in whose favor the decision or verdict is rendered and the judgment entered. (footnotes omitted)[7]

Applying this standard to the case at bar, appellant clearly prevailed in the litigation below. Appellant received a $17,736.11 judgment against appellee while suffering an offset of only $93.64. As we stated in Nordin Construction Company v. City of Nome, 489 P.2d 455, 474 (Alaska 1971), "[a] simple balancing of the recovery in favor of each party makes it clear that [appellant] was the prevailing party in this lawsuit . . . ." Moreover, appellant prevailed on most of the issues disputed at trial.[8]

Appellee argues that even if appellant was the prevailing party, the trial court had discretion to disallow costs and attorney's fees in order to "penalize" appellant. As previously noted, the apparent reason for the trial court's ruling was that appellant had acted wrongfully in not paying his subcontractors.[9] In addition, appellee suggests that the court was motivated by a desire to encourage settlements where litigation is unreasonable.[10] As indicated above, the dispute with the subcontractors was resolved on the first day of the trial and could have been settled at any time by appellee including the subcontractors as co-payees on checks made payable to appellant. As long as appellee, however, contended that there were no sums due appellant, there was no means by which appellant could settle the litigation and secure the amounts to which he was justly entitled. Thus, neither line of argument advanced by appellee offers a legitimate basis for withholding costs and attorney's fees in the case at bar.[11] In Preferred General

3. Civil Rule 82(a) provides for the allowance of attorney's fees as costs to "the party recovering any money judgment", to "the prevailing party," or "to the prevailing side."

4. Owen Jones & Sons, Inc. v. C. R. Lewis Co., 497 P.2d 312 (Alaska, 1972).

5. Palfy v. Rice, 473 P.2d 606, 613 (Alaska 1970), and cases cited therein.

6. In Palfy v. Rice, 473 P.2d 606, 613 (Alaska 1970), we stated:
    An abuse of discretion is established where it appears that the trial court's determination as to attorney's fees was manifestly unreasonable. (footnote omitted)

7. *See also* Albritton v. Estate of Larson, 428 P.2d 379, 383 (Alaska 1967).

8. *Compare* Owen Jones & Sons, Inc. v. C. R. Lewis Co., 497 P.2d 312 (Alaska, 1972).

9. Appellant was doubly "penalized" by the court's action since appellant previously had been assessed costs and attorney's fees in the judgments for the subcontractors.

10. No such motivation is reflected in the record on appeal. Nor does the record reflect frustrated settlement attempts.

11. In Patrick v. Sedwick, 413 P.2d 169, 179 (Alaska 1966), we said that where a trial judge does not adhere to the attorney fee schedule set forth in Civ.R. 82(a), he must indicate his reasons for nonadherence. Since the court below in the case at bar erroneously determined that neither party prevailed, no reasons for nonadherence appear in the record other than general statements that both parties had acted wrongfully.

Agency of Alaska, Inc. v. Raffetto, 391 P. 2d 951, 954 (Alaska 1964), we stated:

> The purpose of Civil Rule 82 in providing for the allowance of attorney's fees is to partially compensate a prevailing party for the costs to which he has been put in the litigation in which he was involved. The rule was not designed to be used capriciously or arbitrarily, or as a vehicle for accomplishing any purpose other than providing compensation where it is justified.[12]

This discussion is equally applicable to the award of other costs under Civil Rule 54(d).[13]

As to costs other than attorney's fees, appellee also argues that appellant failed to serve a proper notice under Civil Rule 79(a) and therefore must be held to have waived such costs.[14] Although appellant did serve a cost bill and a notice which specified the time when application would be made to the clerk for taxation of costs, the notice failed to comply with the requirements of Rule 79(a) in several respects.[15] We need not decide, however, whether these technical noncompliances would justify the harsh sanction of "waiver."[16] The court in its written opinion found that appellant was not entitled to costs; by so doing, the court removed the determination from the province of the clerk. To require strict compliance with Rule 79(a) in these circumstances would be senseless formalism.

█ Appellee's final argument in favor of the court's ruling was waived at oral argument.[17]

The ruling below disallowing costs and attorney's fees is reversed and this case is remanded.

12. We have repeated this cautionary language in the following cases: Connelly v. Peede, 459 P.2d 362, 362–363 n. 2 (Alaska 1969); Froelicher v. Hadley, 442 P.2d 51, 53 (Alaska 1968) (improper motive to punish party for not settling case not borne out by record); McDonough v. Lee, 420 P.2d 459, 465 (Alaska 1966); Patrick v. Sedwick, 413 P.2d 169, 178–179 (Alaska 1966).

13. We do not decide whether a denial of all costs would be justified in an extreme case of a vexatious prevailing party unreasonably prolonging the litigation and substantially increasing its costs. *Cf.* Jones v. Schellenberger, 225 F.2d 784, 794 (7th Cir. 1955); Bowman v. West Disinfecting Co., 25 F.R.D. 280 (E.D.N.Y. 1960). The trial court in such a case would at least be justified in disallowing particular items on the cost bill as unnecessary to the litigation.

14. Civil Rule 79(a) provides the procedure for serving on the other parties to the action a cost bill and notice of when application will be made to the clerk to tax costs. The section concludes:
> Failure of a party to serve a cost bill and notice as required by this subdivision shall be construed as a waiver of his right to recover costs.

15. Civil Rule 79(a) requires that the notice be filed "[w]ithin 10 days *after* the entry of judgment . . . ." In Patterson v. Cushman, 394 P.2d 657, 667 (Alaska 1964), this court held that the ten-day period commences on the date of entry of a formal judgment. Appellant prematurely filed his notice of taxation after the trial court rendered its written opinion but prior to the entry of judgment. The notice was also technically defective in that it specified a date on which application would be made to the clerk for costs which was more than three-to-seven days from that date of notice.

16. Appellee did not raise his "waiver" argument below.

17. Appellee asserted in his brief that by accepting payment of the judgment and signing a document entitled "Satisfaction of Judgment", essentially a release from the judgment, appellant is barred from appealing from the disallowance of costs and attorney's fees. The argument has no merit. United States v. Hougham, 364 U.S. 310, 312, 81 S.Ct. 13, 5 L.Ed. 2d 8, 12 (1960); Annot., 169 A.L.R. 980 (1941).