CONTINENTAL INSURANCE COMPANY,
Appellant,

v.

UNITED STATES FIDELITY AND GUAR-
ANTY COMPANY, Appellees.

No. 2547.

Supreme Court of Alaska.

Aug. 4, 1976.

Kenneth P. Jacobus, Hughes, Thorsness, Lowe, Gantz & Powell, Anchorage, for appellant.

Roger E. Henderson, Houston & Lytle, Anchorage, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, and BURKE, JJ., and DIMOND, J. Pro Tem.

RABINOWITZ, Justice.

This appeal questions the award of attorney's fees in a declaratory judgment action between two insurers, United States Fidelity and Guaranty Co. and Continental Insurance Co. The substantive issues at the core of that action concerned which insurer had liability for costs of defense and actual recovery in wrongful death suits. Continental had tendered the defense to Fidelity. Upon Fidelity's refusal of the tender of defense, Continental settled the wrongful death actions by paying $250,000 on behalf of its insured. Continental sought recovery of $250,000 plus the costs of defense from Fidelity. These issues were answered in *Continental Insurance Co. v. United States Fidelity and Guaranty Co.,* 528 P.2d 430 (Alaska

1974),[1] where we held that while Fidelity was not liable to indemnify Continental in the wrongful death actions, it did owe a duty to defend. We stated:

> Given the vagaries in both law and fact, the wrongful death actions were at least potentially within the coverage of the U.S.F. & G. policy . . . . U.S.F. & G. should have undertaken [defendant] Northern's defense, and the failure to do so was a breach of the duty to defend created by the insurance contract.[2]

We concluded that Fidelity should bear two-sevenths of Continental's cost of defending the wrongful death actions. We also held that Fidelity had no liability to pay the damages recovered in the wrong-

ful death actions. Our mandate to the superior court indicated that no costs or attorney's fees were allowed on appeal.[3]

Upon remand the superior court awarded Fidelity, as the prevailing party, $18,836.16 attorney's fees.[4] This amount included the full costs claimed by Fidelity. Therefore, against the $18,836.16 award of attorney's fees, the trial court offset two-sevenths of Continental's defense costs, resulting in a net recovery of Fidelity of $15,228.43.

The total amount of attorney's fees awarded, $18,836.16, included the costs claimed by Fidelity both before and after an offer of judgment, which had been tendered by Fidelity [5] in the course of the original litigation, and to the costs borne

1. The circumstances upon which the wrongful death action was predicated are discussed in that opinion. A brief review of the facts should be of assistance in understanding the instant appeal. Northern Corporation contracted with Robert Cooper for the purpose of having Cooper haul rock in his trucks. Northern's insurer is Continental; Cooper's was United States Fidelity and Guaranty Co. (hereinafter "Fidelity"). As a result of the death of Cooper and one of his drivers in the course of hauling, an action was brought against Northern. Northern's insurer, Continental, tendered defense to Fidelity on the theory that Fidelity, under an omnibus clause in its policy with Northern (which included as the insured any organization "legally responsible" for the use of Cooper's trucks), had an obligation to defend and indemnify Northern. Upon Fidelity's refusal of the tender of defense, the instant action was brought. Ultimately, the wrongful death action was settled, Continental paying the entirety of Northern's obligation under the settlement agreement. 528 P.2d at 431–32.

2. 528 P.2d at 435. Justice Rabinowitz dissented, taking the view that under the facts the omnibus clause of the insurance contract resulted in Fidelity being Northern's insurer.

3. Alaska Rule of Appellate Procedure 29(c) provides:

 *Reversal of Judgment or Order.* In cases of reversal by this court of any judgment, order or decision of the superior court, costs shall be allowed the appellant or petitioner, including the costs of preparation of the record and of the reproduction of

briefs, petitions and memoranda, unless otherwise ordered by the court.
 *See also* AS 09.60.010.

4. Alaska Rule of Civil Procedure 82 (Attorney's Fees) provides in part:
 (a) *Allowance to Prevailing Party as Costs*

 . . . . .

 (2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.
 The parties agreed that the money judgment here was not an accurate criteria for determining attorney's fees.

5. Alaska Rule of Civil Procedure 68 provides:
 At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a sub-

by Fidelity on appeal. In addition, the superior court held that interest on Continental's costs of defense claims ceased as of the date Fidelity made the offer of judgment. Against the $18,836.16 award of attorney's fees, the superior court offset two-sevenths of Continental's defense costs, resulting in a net recovery by Fidelity of $15,228.43.

Continental's first point on appeal is that the superior court was in error in holding Fidelity to be the "prevailing party" entitled to attorney's fees within the meaning of Rule 82, Rules of Civil Procedure. Continental argues that since it ultimately was awarded money (two-sevenths of defense costs or $3,670.13), as a result of our determination that Fidelity had a duty to defend, it and not Fidelity was the prevailing party.

■ The determination of which party is the prevailing party is vested, in the first instance, in the trial judge's discretion [6] and is reviewable on appeal only for abuse.[7] Determination of who the prevailing party is does not automatically

follow if the party receives an affirmative recovery, but rather is grounded on which party prevails on the main issues.[8] Here in the case at bar, where Fidelity's potential liability for payment of the actual recovery in the wrongful death actions greatly exceeded its potential liability for the cost of defense, the main issue cannot be said to be the cost of defense.[9] Thus, in light of the potential indemnification liability to which Fidelity was exposed in this matter, we cannot say that the superior court erred in its conclusion that Fidelity was the prevailing party.

Continental next argues that regardless of whether it was a prevailing party within the meaning of Civil Rule 82, the superior court erred in failing to award it costs and attorney's fees incurred prior to the Rule 68 offer of judgment tendered by Fidelity. The offer of judgment made by Fidelity was for $8,001, plus interest and costs. Ultimately, Continental's recovery amounted to less than this offer.

■ The purpose of Rule 68, Rules of Civil Procedure, is to encourage settle-

---

sequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

6. *DeWitt v. Liberty Leasing Co.*, 499 P.2d 599, 601 (Alaska 1972) ; *Owen Jones & Sons, Inc. v. C. R. Lewis Co.*, 497 P.2d 312, 314 (Alaska 1972).

7. *DeWitt v. Liberty Leasing Co.*, 499 P.2d 599, 601 (Alaska 1972) ; *Palfy v. Rice*, 473 P.2d 606, 613 (Alaska 1970), and cases cited therein.

8. In *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964) (footnotes omitted), we said:
The dictionary states that 'PREVAILING applies esp. to that which is predominant,' and it has been established by case law that the prevailing party to a suit is the one who successfully prosecutes the action or successfully defends against it, prevailing

on the main issue, even though not to the extent of the original contention. He is the one in whose favor the decision or verdict is rendered and the judgment entered.

In *Owen Jones & Sons, Inc. v. C. R. Lewis Co.*, 497 P.2d 312 (Alaska 1970), plaintiff sought recovery of $119,663.12 in progress payments made to a contractor. In light of its ultimate affirmative recovery of $7,363.-12, plaintiff argued the trial judge abused its discretion in finding that defendant was the prevailing party and awarding it $10,000 as attorney's fees. This court stated, "It was clear that the main issue had been resolved against appellants [the plaintiff] when the court found that appellee had no obligation to refund its progress payments . . . ." 497 P.2d at 314. "[I]t is not an immutable rule that the party who obtains an affirmative recovery must be considered the prevailing party." 497 P.2d at 313–14 (citations omitted).

9. Indeed, the dictionary defines insurer as " . . . one that contracts to indemnify another . . . ." Webster's Third New International Dictionary at 1173. *Compare, e. g., United States Fidelity and Guaranty Co. v. Williams*, 148 Md. 289, 129 A. 660 (1925).

ment of civil litigation and to avoid protracted litigation.[10] When the offer is accepted and the action settled, pursuant to Rule 68, the trial court is then vested with "wide discretion" in determining attorney's fees, and awards of fees will be set aside only where it is shown discretion is clearly abused.[11] Civil Rule 68 further provides that if the action does proceed to judgment, and " . . . the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

In *Jakoski v. Holland,* 520 P.2d 569, 577–78 (Alaska 1974), the defendant made an offer of judgment which ultimately exceeded plaintiffs' recovery. The trial judge awarded attorney's fees incurred by plaintiffs up to the time of the offer of judgment and then awarded to defendant attorney's fees incurred after that time. Defendant appealed, contending that there was no proper basis for making the award of attorney's fees (plaintiffs' attorneys kept inadequate records), and that the award to him was inadequate in view of his attorney's affidavit to the effect that fees incurred amounted to almost twice as much as were awarded. In dictum we approved of the superior court's award of pre-offer attorney's fees stating:

> Since the rule provides that the offer allow judgment "with costs then accrued" and since costs under Alaska

Civil Rule 82(a) include the allowance of an attorney's fee, it is clear that the [plaintiffs] were entitled to an award for attorney's fees incurred to the date of the offer of judgment.

█ Appellant seeks to elevate *Jakoski* to the level of a mandatory rule which requires a trial judge to award costs incurred prior to an offer of judgment in all instances. We decline to extend *Jakoski* that far. There we approved of the trial court's exercise of discretion in awarding such costs; here we cannot say the trial judge abused his discretion by failing to award them. Just as there are sound reasons for awarding such costs, there are reasons for not doing so. First, Rule 68 itself does not require that costs incurred prior to an offer of judgment be awarded. Thus, it is clear such awards are in the trial court's discretion. Second, to automatically award such costs encourages offerees to continue pressing suit. Third, appellant's construction of Civil Rule 68 would act to discourage potential offerors from making offers of judgment in general, and especially as the case progresses and costs mount, because by virtue of the tender of the offer they would be binding themselves to finance the attorney's fees of their opponents.[12] In general we think that appellant's interpretation would encourage litigation and discourage settlement, thereby defeating the intent underlying Civil Rule 68.[13]

---

10. *Miklautsch v. Dominick,* 452 P.2d 438 (Alaska 1969).

11. *See Albritton v. Estate of Larson,* 428 P.2d 379, 383–84 (Alaska 1967). In *Albritton* we held that on the record presented, the failure to award any presettlement attorney's fees was not a clear abuse of discretion.

12. A simple example will suffice to illustrate the problem such a ruling would occasion. A plaintiff might bring a suit of nuisance value asking for $100,000 damages. The defendant may honestly feel the suit is worth $5,000, and be willing to pay that definite figure to forego the contingent risk of the greater liability. Were we to rule as appellant urges, defendant's offer of $5,000 as judgment 30 days before trial would (a) bind defendant to pay plaintiff's preparation costs up to that

time and (b) assure plaintiff that should it proceed with suit its attorney's fees, even in the event it lost, would only be those fees incurred from that date hence.

13. Continental also argues that it was error for the superior court to award Fidelity the entire amount of its attorney's fees incurred during this case at the trial level. This contention will be discussed *infra*. As a subpoint of this argument appellant asserts that the award to Fidelity of the attorney's fees it incurred prior to its offer of judgment was error. The same reasons which cause us to hold that, in general, awards of attorney's fees to offerees are within the trial court's discretion are applicable in resolving this point. The award of attorney's fees is vested in the sound discretion of the trial judge.

Just as automatic awards of attorney's fees incurred prior to offers of judgment encourage offerees to continue pressing suit, refusals to make such awards simply on the basis that the offeree ultimately fails to recover judgment as large as the offer tendered may act to encourage acceptance of offers which do not fairly compensate the offeree for infringement of its legal rights. The automatic consequences of obtaining a judgment not more favorable than an earlier unaccepted offer are spelled out in our Rule 68. Any additional consequences which a trial court imposes in its discretion normally should be supported by reasons on the record, so that a reviewing court can determine whether discretion has been abused. Here the superior court failed to indicate reasons for not awarding pre-offer attorney's fees to the offeree beyond the fact that ultimately the offeror was the prevailing party within the meaning of the rule.

However, as we have previously indicated, in no sense could Continental (appellant offeree) be regarded as a "prevailing party" within the meaning of Rule 68 or Rule 82. Unlike the situation in *Jakoski v. Holland,* where the offeree was a prevailing party within Rule 82 (though not within Rule 68), and consequently had a right to some attorney's fees under that rule, here it is difficult to conceive of a reason why the offeree is entitled to recover pre-offer attorney's fees. While the superior court's reasons for doing so are not clear, the record here does disclose an appropriate instance to accord the trial court's ruling some presumption of validi-

ty. *See Albritton v. Estate of Larson,* 428 P.2d 379, 383–84 (Alaska 1967). Consequently, we hold that the superior court's decision on this point was not an abuse of discretion.

■ Appellant's third contention in this appeal is that it was error on the superior court's part to award Fidelity the attorney's fees it incurred in the earlier appeal to this court. In our opinion on that appeal no mention was made of whether, and if so to whom, costs and attorney's fees should be awarded. However, in our mandate we directed that neither party was to be awarded costs or attorney's fees.[14] Article IV, Section 15 of the Alaska Constitution provides in part that the Supreme Court shall " . . . make and promulgate rules governing practice and procedure in civil and criminal cases in all courts." Pursuant to this constitutional grant, this court promulgated Rule 29, Appellate Rules, which vests the discretion to determine costs and attorney's fees pertaining to appeals in this court. In short, by rule in general, this court has the authority to award costs in connection with an appeal to the Supreme Court of Alaska. And, by virtue of our mandate in the instant case, we have previously determined that neither Continental nor Fidelity was to be awarded any costs pertaining to the first appeal to this court. Thus, we hold that it was error for the superior court to have awarded Fidelity costs on appeal in contravention of Rule 29, Appellate Rules, and the mandate issued in the case at bar.[15]

---

Footnotes 6, 7, *supra.* Nothing in our rules prevents a judge from awarding attorney's fees incurred prior to an offer of judgment to an offeror which ultimately incurs less liability than it offered to pay. In addition, the award of attorney's fees to prevailing parties under Rule 82 furnishes independent support for awarding this prevailing party fees incurred prior to its offer of judgment. If we hold that an offeror by virtue of its offer is precluded from recovering attorney's fees incurred prior to the offer, we defeat the purpose of Rule 68 by discouraging the making of such offers.

14. *See* note 3, *supra.* It is clear from a reading of Appellate Rule 29 that our decision to not award costs and attorney's fees on appeal was based on the fact that to a limited degree both parties prevailed in the former appeal. In addition, the legal issues there represented were complex and subject to differences of opinion within this court.

15. In a letter to the trial judge contained in our record, appellee's attorneys indicated that work done and expenses paid which directly related to the appeal amounted to $8,182.50. Thus, it will be a simple matter to deduct this amount on remand from fees awarded.

Appellant's fourth contention in this appeal is that it was an abuse of discretion for the trial judge to award Fidelity the entire amount of its attorney's fees incurred. Our leading case on the issue of awarding the full amount of attorney's fees requested is *Malvo v. J. C. Penney Co.*, 512 P.2d 575 (Alaska 1973). In *Malvo* the superior court awarded the prevailing party its entire documented attorney's fees. There we held that it was " . . . 'manifestly unreasonable' automatically to award the full amount of attorneys' fees incurred by the prevailing party." 512 P.2d at 587. Our holding in *Malvo* was grounded on considerations of public policy and the underlying purposes of Civil Rule 82. In *Malvo* we concluded that:

> The purpose of Civil Rule 82 is to partially compensate a prevailing party for the costs and fees incurred where such compensation is justified and not to penalize a party for litigating a claim in good faith.

512 P.2d at 588.[16] In the instant case it appears that Continental's claims were litigated in good faith.[17]

In opposition to Continental's contentions, Fidelity advances two arguments in support of the superior court's award of full attorney's fees. First, it contends that in *Malvo* the trial judge awarded full costs incurred "as a matter of policy," 512 P.2d a 578, while here the judge exercised considered discretion in placing full liability for Fidelity's legal costs on Continental. Thus, Fidelity would have us hold that the trial court may award full costs to be borne by the losing party so long as the award is not made automatically. Second, Fidelity argues that its actual legal costs were far greater than those claimed because their requested attorney's fees did not include in-house attorney time spent in this case. Thus, Fidelity asserts that it never was awarded its full cost of attorney's fees.

 We hold that the cost of in-house counsel is not an attorney's fee within the meaning of our rules. Salaries paid to in-house counsel are a cost of doing business which an enterprise will bear regardless of whether a particular suit is brought. The purpose of our rules regarding attorney's fees is to partially compensate a prevailing party for the costs incurred as a result of a particular litigation, not to pay the salaries of those who are regular employees of an enterprise.[18] Thus, we view the award made by superior court as an award of the full cost of attorney's fees and as a consequence we are faced squarely with the question whether the award of full attorney's fees to Fidelity was justified under the criteria of *Malvo*. Unlike the situation in *Malvo*, the award here was not "automatic" but was made after the trial judge considered the progress of the case.[19] Nevertheless, we are left with the firm conviction that the superior court

---

16. *Compare Jakoski v. Holland*, 520 P.2d 569, 578 (Alaska 1973), where we reiterated the *Malvo* decision's concern about good faith and the purpose of *partial* compensation in an offer of judgment context.

The two grounds (besides the good faith of appellant Malvo) which caused us to conclude that partial compensation was what was contemplated under our rules, were (1) " . . . where in order to seek judicial remedies, a plaintiff must risk liability for the full amount of attorney's fees . . . it takes little imagination to foresee that the size of a party's bank account will have a major impact on his access to the courts" and (2) as a matter of social engineering, to some degree costs should lie where they fall.

17. *See, e. g.*, note 2, *supra*.

18. This holding will not operate to encourage or discourage the use of in-house counsel to work on legal matters which are primarily vested in independent counsel. The outcome of any lawsuit being uncertain, parties will continue to seek to minimize their costs by the use of house counsel where possible, as opposed to the use of counsel who bills by his time.

19. This superior court made no finding regarding the good faith of the parties. Rather, it held that full costs were to be awarded because Continental failed to accept an offer of judgment which ultimately exceeded its recovery. In *Jakoski v. Holland*, 520 P.2d 569, 579

abused its discretion in awarding full attorney's fees to Fidelity. Here we think *Malvo* and *Jakoski* are controlling. In *Jakoski* we said:

> In ascertaining the amount of attorney's fee to be allowed a defendant successful in holding a verdict to less than his offer, the trial judge should use the same general criteria as in a case where a defendant is the prevailing party. We recently discussed such criteria in *Malvo v. J. C. Penney Co.* We there stated that it is "manifestly unreasonable" automatically to award the full amount of attorney's fees incurred by a prevailing party, although we recognized that there might be situations where such an award would be justified. We reiterated that the allowance was for the purpose of *partially* compensating a prevailing party.

*Jakoski v. Holland,* 520 P.2d 569, 578–79 (Alaska 1974) (footnote omitted). In the case at bar we cannot characterize Continental's claims in its declaratory judgment suit as frivolous, vexatious, or devoid of good faith. Nor can we find that Continental in any way unreasonably prolonged the litigation in this case.[20] Thus, we conclude that the award of full attorney's fees to Fidelity must be set aside. We think the reasons why the award in *Malvo* was held to be error are equally applicable here.[21]

Continental's final specification of error is that the superior court erred in failing to award prejudgment interest on the costs of the defense recovered by it, pursuant to this court's earlier opinion, from the date of the offer of judgment by Fidelity to the date of judgment. The superior court held that the running of interest stopped upon Fidelity's tender of the offer of judgment. In *Davis v. Chism,* 513 P.2d 475, 481 (Alaska 1973), we held that as a general rule an offer of judgment which specifies only a total amount is to be construed as including prejudgment interest. We likened prejudgment interest to compensatory damages there and asserted that "[m]oney is worth less the later it is received." *Davis* clarified and limited our earlier assertion in *State v. Phillips,* 470 P.2d 266, 274 (Alaska 1970), that

> [a]ll damages . . . should carry interest from the time the cause of action accrues, unless for some reason peculiar to an individual case such an award of interest would do an injustice.

Continental here relies on our discussion in *Davis* for the proposition that since it has lost the use of the money adjudged owed it, it ought to be compensated up to the time the money is received. The question Continental thus raises now is whether in the case at bar an award of interest after the offered judgment could be held to work an injustice within the meaning of *Phillips.* We think that a trial judge may properly, as an exercise of discretion, refuse to award an offeree interest on a judgment from the date of the offer through the date of judgment when, as

---

(Alaska 1974), we upheld an award of less than half of the prevailing party's attorney's fees incurred after offer of judgment was refused, citing *Malvo. Jakoski* indicates that our concern with a party's good faith (in *Malvo*) is equally applicable to awards of attorney's fees under Civil Rule 68. *Jakoski* held that it is not an abuse of discretion to award less than complete post-offer fees. Here we are faced with the question of whether it is an abuse of discretion to award full fees when litigation has been in good faith. It is clear that the positions of the parties were held in good faith. *E. g.,* note 2, *supra.*

20. These factors we alluded to in *Malvo v. J. C. Penney Co.,* 512 P.2d 575, 588 (1973), where we said in part:

> . . . we recognize that where there is evidence that a losing party did not have a good faith claim or defense and all of the fees incurred by the prevailing party were justified, a judge might well choose to award the full amount of fees requested
> . . . .

21. *See* note 16, *supra.*

here, the offeree ultimately recovers less than the amount offered. In our view, this conclusion flows from the functions which the procedural device of offers of judgment serve.

When a party makes an offer of judgment, it in effect acknowledges the legitimacy of a claim to the amount offered. If that offer is accepted, the lawsuit ends. If the offeree does not accept the offer and ultimately prevails in an amount which exceeds the offer, the very size of its judgment is testimony of the validity of its refusal to accept. But the failure to accept an offer which ultimately proves to exceed the judgment forces the offeror to continue its defense of the action and retention of money it, by virtue of its offer, was prepared to give the offeree at that time. Again, the judgment ultimately is indicative of the soundness of the offeror's evaluation, which the trial court may take into account. By forcing the offeror to retain its money, the offeree defeats the rationale upon which awards of prejudgment interest are based, namely, paying for the use of wrongfully retained money. The offeror in effect has indicated it does not wish to retain that money and the offeror's retention can hardly be regarded as voluntary.[22]

Additionally, Civil Rule 68 can be read to support the refusal to award the prejudgment interest claimed by Continental. As noted, *supra,* Rule 68 provides in part

that " . . . if the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." The offeror who is ultimately successful under Civil Rule 68 should not be burdened with the cost of paying interest after the offer is refused, for this is a cost of the continuation of the litigation. This is a cost that, under Civil Rule 68, should be borne by the offeree.[23]

Reversed in part, affirmed in part. Remanded for proceedings not inconsistent with this opinion.

ERWIN, J., not participating.

BOOCHEVER, Chief Justice, concurring, with whom DIMOND, Justice Pro Tem., joins.

I find that I must file a separate concurrence on an issue which at first glance might appear to be a relatively minor portion of the majority opinion. The court holds that a trial court may exercise its discretion as to whether or not to award attorney's fees to a plaintiff who has received and rejected an offer of judgment, for the period of time between the filing of the case and the date of the offer. I believe that the majority unnecessarily injects an area of uncertainty into the application of Civil Rule 68 which can hamper attorneys in deciding whether to make an offer of judgment, or to accept

---

**22.** Of course, in a narrow sense retention is voluntary because the offeror could offer the money without conditioning its acceptance on the foregoing of suit. Were this to be the the case, however, the purpose of the offer of judgment rule, namely, to put an end to litigation, would be defeated. In addition, as a practical matter, to view such retention as "voluntary" would ignore the reality of the offer of judgment situation as one where each party foregoes the legal right to maintain its position (which potentially may be validated) in return for the certainty of immediate settlement.

**23.** *Cf.* C. Wright & A. Miller, Federal Practice & Procedure (Civil) § 3001, at 56 (1973).

The mandatory language of the rule would appear to indicate that in all instances where the offer proves to exceed the judgment, prejudgment interest ought not be awarded. By statute, however, prejudgment interest should be awarded as a matter of right. *See* AS 45.45.010(a); *State v. Phillips,* 470 P.2d 266 (Alaska 1970). This conflict is reconciled by holding that the trial judge has discretion to regard interest on a judgment which ultimately proves to be less than an offer of judgment as a cost of suit and thus within Civil Rule 68. Such a resolution of this matter will, we believe, effectuate the legislative intent to award prejudgment interest without unduly penalizing the party who is prepared to pay its opponent what is "rightfully" the opponent's. *See State v. Phillips, supra* at 273 n. 6.

such an offer. The holding will also be a likely source of additional litigation over the already too frequently contested provisions with reference to allowance of attorney's fees.

I do not agree with the dictum that when an offer of judgment is accepted, allowance of attorney's fees is discretionary. To use the metaphor of Alaska's glacial streams, the majority opinion adds silt to already murky waters, whereas the combined application of the terms of Civil Rules 68 and 82 [1] should produce clarity.

There are four situations which may arise in the event that an offer of judgment is made under Rule 68: 1) the offer is accepted; 2) the offer is rejected, and the plaintiff recovers more than the amount of the offer; 3) the offer is rejected, and the plaintiff recovers less than the amount of the offer, but still is the prevailing party; and 4) the offer is rejected, and the plaintiff recovers less than the amount of the offer, but is not the prevailing party.

Under the first situation, the offeree is entitled under the provisions of the rule to costs and attorney's fees accrued to the date of the offer. The majority inexplicably states that Rule 68 does not require that costs incurred prior to an offer of judgment be awarded. Rule 68 specifies that the offer allow judgment to be taken "with costs then accrued". In Alaska, under Civil Rule 82, costs include attorney's fees. The offer therefore must be for a specified sum plus such costs. Attorney's fees normally will be computed on the amount of the offer under either the "without trial" or "non-contested" schedule of Rule 82. [2]

Under the example given by the majority in Footnote 12 where it is desired to make a "nuisance" settlement offer of $5,000.00, an attorney should have no difficulty computing the approximate amount of the fee to be allowed. The amount of the offer can quite accurately be gauged so that the party making the offer will know the total amount of liability to be incurred including the allowable costs and attorney's fee in the event that the offer is accepted.

In the event that the offer is rejected, if the plaintiff recovers more than the amount of the offer, he will be entitled to a normal allowance as a prevailing party for costs and attorney's fees under the provisions of Civil Rule 82.

If the offer is rejected and the offeree recovers less than the amount of the offer but is still the prevailing party, he should receive a reasonable allowance for his costs and attorney's fees incurred prior to the date of the offer. [3]

Finally, we have the situation involved in the present litigation where the offeree recovers less than the amount of the offer of judgment and is not the prevailing party. Continental sued Fidelity to recover $250,000.00 that it paid on behalf of Northern Insurance in settlement of a

---

1. Rules of procedure should be construed harmoniously. *See State v. Treadway*, 88 Ariz. 420, 357 P.2d 157, 158 (1960); *Zuniga v. City of Tucson*, 5 Ariz.App. 220, 425 P.2d 122, 124 (1967); *Hoffmeister v. McIntosh*, 361 P.2d 678, 680 (Wyo.1961), *reh. denied*, 364 P.2d 823. *See also* 1 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, § 139 (1960); Wright and Miller, Federal Practice and Procedure: Civil, § 1029 (1969). *Cf.* Criminal Rule 2, Appellate Rule 46 and Civil Rules 1 and 92; *City of Anchorage v. Scavenius*, 539 P.2d 1169 (Alaska 1975).
We have previously held that Civil Rule 68 should be construed with Civil Rule 82.

*Jakoski v. Holland*, 520 P.2d 569, 578 (Alaska 1974).

2. Rule 82 has the following schedule:

### ATTORNEY'S FEES IN AVERAGE CASES

| | Contested | Without Trial | Non-Contested |
|---|---|---|---|
| First $ 2,000 | 25% | 20% | 15% |
| Next $ 3,000 | 20% | 15% | 12.5% |
| Next $ 5,000 | 15% | 12.5% | 10% |
| Over $10,000 | 10% | 7.5% | 5% |

3. *Jakoski v. Holland*, 520 P.2d 569, 578 (Alaska 1974).

wrongful death case. It also sought its costs and attorney's fees in defending the wrongful death action. On appeal, we held that Continental was not entitled to recover the $250,000.00 payment made, but that it was entitled to two-seventh's of its attorney's fees. The opinion on the present appeal correctly affirms Judge Carlson in his holding that Fidelity was the prevailing party even though Continental recovered $3,670.13. *Owen Jones & Sons, Inc. v. C. R. Lewis Co.,* 497 P.2d 312 (Alaska 1972), is directly in point.

Since Fidelity was the prevailing party, Continental was not entitled to attorney's fees at all. In the *Owen Jones* case, we upheld an award of attorney's fees of $10,000.00 to the defendant despite the plaintiff's ultimate recovery of $7,363.12 on a claim of $119,663.12. It is only the prevailing party that is entitled to an award of attorney's fees. If an offer of judgment is made, and the plaintiff recovers less than the amount offered, the plaintiff will normally still be the prevailing party. If, for example, suit is filed for $55,000.00 and an offer of judgment of $50,000.00 rejected, a plaintiff receiving $40,000.00 would still be the prevailing party. If so, in my opinion, he is entitled to costs and a reasonable attorney's fee to the date of offer. On the other hand, if there is a defense verdict, or similarly if the main issues are resolved in the favor of the defendant so that he is to be regarded as the prevailing party, the plaintiff is not entitled to any attorney's fee even for services performed during the portion of time prior to the offer of judgment. To permit the trial court to exercise discretion so as to award an attorney's fee to a non-prevailing plaintiff who has refused an offer of favorable judgment is to allow the plaintiff to be placed in a better position than if no such offer had been made and rejected. Since the plaintiff is not the prevailing party, in the absence of an offer of judgment, he would not be entitled to any allowance for attorney's fees. I fail to see why the plaintiff's rejection of a favorable offer of compromise, which requires the litigation to continue, should make it discretionary for the trial court to award such a plaintiff his attorney's fee. I do not believe that Civil Rule 68 was intended to cause any such bizarre result.