GREATER ANCHORAGE AREA
BOROUGH, Appellant,

v.

SISTERS OF CHARITY OF the HOUSE
OF PROVIDENCE, Appellee.

No. 3223.

Supreme Court of Alaska.

Jan. 27, 1978.

Keith W. Bell, Asst. Municipal Atty. and Richard W. Garnett III, Municipal Atty., Anchorage, for appellant.

Robert J. Dickson, Anchorage, Jonathan K. Tillinghast, Asst. Atty. Gen., and Avrum M. Gross, Atty. Gen., Juneau, amicus curiae.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

CONNOR, Justice.

The question presented is whether the Greater Anchorage Area Borough can recover attorney's fees as the prevailing party in a civil action.

Originally this case concerned the extent of exemption from real property taxes which could be claimed by the Sisters of Charity. As to that exemption, the Sisters of Charity prevailed in the superior court, but on appeal we reversed and remanded. *Greater Anchorage Area Borough v. Sisters of Charity,* 553 P.2d 467 (Alaska 1976). As the ultimately prevailing party, the borough moved for an award of attorney's fees. The superior court denied the borough's motion, and this appeal followed.

The superior court based its decision on the following language of our opinion in *Continental Ins. Company v. U.S. Fid. & Guar. Co.,* 552 P.2d 1122, 1128 (Alaska 1976):

"We hold that the cost of in-house counsel is not an attorney's fee within the meaning of our rules. Salaries paid to in-house counsel are a cost of doing business which an enterprise will bear regardless of whether a particular suit is brought. The purpose of our rules regarding attorney's fees is to partially compensate a prevailing party for the costs incurred as a result of a particular litigation, not to pay the salaries of those who are regular employees of an enterprise."[1]

In that case the prevailing party in the superior court, an insurance company, argued that its actual legal costs were greater than those incurred by retained counsel, as the cost of in-house attorney time spent on the case had not been included within the award of attorney's fees sought in the supe-

---

1. In a footnote to this language we stated: "This holding will not operate to encourage or discourage the use of in-house counsel to work on legal matters which are primarily vested in independent counsel. The outcome of any lawsuit being uncertain, parties will continue to seek to minimize their costs by the use of house counsel where possible, as opposed to the use of counsel who bills by his time." 552 P.2d at 1128, n.18.

rior court. It was in that context that we expressed the holding quoted above. We did not intend to express a prohibition against awarding attorney's fees when a party's active representation in litigation is by in-house counsel rather than retained counsel.

Nothing in *Continental* was intended to alter our long-standing practice of awarding attorney's fees to public entities who litigate chiefly, and often entirely, through in-house counsel. *See, e. g., Mobil Oil Corporation v. Local Boundary Commission,* 518 P.2d 92, 104 (Alaska 1974); *Jefferson v. City of Anchorage,* 513 P.2d 1099, 1102–3 (Alaska 1973); *Dale v. Greater Anchorage Area Borough,* 439 P.2d 790, 793 (Alaska 1968).

There are substantial differences between corporate house counsel who do not actively engage in litigation and public attorneys who litigate for the entities which employ them. Corporate house counsel rarely engage in litigation by appearance in court. But numerous public entities do engage directly in litigation through their staff attorneys, who appear in court and perform all of the services that would be performed by retained counsel if retained counsel had been chosen to conduct the litigation. To allow these public entities to recover partial compensation for the expense of litigation merely places them on the same footing as other litigants. Moreover, Rule 82(a), Alaska Rules of Civil Procedure, speaks of awarding an attorney's fee to the "party" who qualifies for the fee under the terms of the rule. The rule does not distinguish between public entities and private parties, and our traditional practice, as noted above, does not support such a distinction.

We hold that it was error to refuse an award of an attorney's fee in the case at bar on the basis of the *Continental* opinion. We must reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.