Earl Rich Highlands County Clerk of Courts Sebring
QUESTION:
Should a garnishee be paid the $10 deposited by the garnishor pursuant to s. 77.28, F. S., even though no demand therefor is made?
SUMMARY:
Although the clerk may notify the garnishee (without charge) of his right to demand the $10 deposited into the registry of the court pursuant to s. 77.28, F. S., for garnishee's attorney's fees, there must be a demand therefor made by the garnishee before disbursement of such deposit is made by the clerk.
The relevant part of s. 77.28, F. S., states:
 Before issuance of any writ of garnishment, the party applying for it shall deposit $10 in the registry of the court which shall be paid to garnishee on his demand at any time after the service of the writ for the payment or part payment of his attorney's fee which he expends, or agrees to expend, in obtaining representation in response to the writ. . . .
The apparent intent of this provision is to compensate the person who is innocently drawn into the controversy for his attorney's fees in obtaining an attorney to respond to the writ of garnishment. Cf. U.S. Pipe and Foundry Co. v. Holcomb Pipe Lines, Inc., 465 F.2d 827 (5th Cir. 1972). Upon entry of the final judgment, the court determines the garnishee's costs and expenses, including reasonable attorney's fees, and taxes the same as costs. Section 77.28.
As clearly stated in the statute, the $10 deposit is `for payment or part payment of his [garnishee's] attorney's fee which he expends, or agrees to expend, in obtaining representation in response to the writ [of garnishment].' As such, these fees are available only to that person who engages the services of an attorney and pays or agrees to pay him for representing such person in responding to the writ, and not to that person who does not obtain legal representation in the proceeding but acts as his own attorney. Cf. Continental Insurance Co. v. U.S. Fidelity 
Guarantee Co., 552 P.2d 1122 (Alas. 1976). Therefore, when a garnishee does not obtain legal representation in the garnishment proceeding but acts as his own attorney, he is not entitled to the $10 deposited in the registry of the court by the garnishor for the garnishee's attorney's fees.
As to the necessity that a demand be made by a garnishee who has retained the services of an attorney the statute merely requires that such demand be made. The statute does not require that the demand be made in any particular form or manner, written or oral. Although the statute neither authorizes nor requires such, there is no prohibition expressed against the clerk notifying garnishees (without charge) of the right to demand the $10 deposit for payment or part payment of their attorney's fees for representing them in the garnishment proceedings.
The condition that the deposit be paid to garnishee for attorney'sfees expended in obtaining representation in responding to the writ prohibits the clerk from summarily paying the deposit to garnishee in absence of a demand therefor.
Therefore, your question is answered in the negative.
Prepared by: Martin S. Friedman, Assistant Attorney General