Patricia SMALLWOOD, as Personal
Representative of the Estate of
John L. Smallwood, Appellant,

v.

CENTRAL PENINSULA GENERAL
HOSPITAL, INC., Appellee.

No. S–12832.

Supreme Court of Alaska.

April 2, 2010.

Nikole Nelson, Alaska Legal Services Corporation, Anchorage, for Appellant.

Robert J. Molloy and Kristine A. Schmidt, Molloy Schmidt LLC, Kenai, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, and CHRISTEN, Justices, and BOLGER, Justice pro tem.*

## OPINION

BOLGER, Justice pro tem.

### I. INTRODUCTION

John L. Smallwood obtained an injunction requiring Central Peninsula General Hospital to discontinue its practice of "balance billing" certain Medicaid patients, and the hospital complied by implementing a new billing system. But when Smallwood did not dispute the hospital's compliance, the superior court erroneously concluded that he had abandoned his balance billing claim. Smallwood appealed the order that was based on this erroneous conclusion, but he died while this appeal was pending. The superior court then dismissed this case, even though "supervision and control" had been transferred to this court. We reverse the superior court's finding that Smallwood abandoned his claim, vacate the superior court's dismissal order, and remand for a determination of attorney's fees.

### II. FACTS AND PROCEEDINGS

Smallwood was a Medicaid recipient whom Central Peninsula General Hospital treated on multiple occasions.[1] The hospital sent Smallwood bills that included both approved Medicaid co-payment amounts and unauthorized charges.[2] Smallwood did not pay the bills and sued the hospital, alleging that it violated state and federal Medicaid law by charging him amounts exceeding those allowed as co-payments, a practice known as "balance billing."[3] He also alleged that the hospital violated the Alaska Unfair Trade Practices and Consumer Protection Act (UTPA) because its billing practices were confusing and misleading.[4] He requested declaratory and injunctive relief for himself and all of the hospital's Medicaid patients.[5] The superior court awarded the hospital all fees allowed by Medicaid, ordered the hospital to stop overcharging Smallwood, and "concluded that neither party had prevailed on the issues of injunctive and declaratory relief."[6]

Smallwood appealed the decision to this court. We affirmed the superior court's order requiring the hospital to stop overcharging Smallwood and the award of the valid co-payment amounts to the hospital.[7] We vacated the order denying injunctive and declaratory relief on the balance billing and UTPA claims and remanded the case for reconsideration of those issues.[8]

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. *Smallwood v. Cent. Peninsula Gen. Hosp.*, 151 P.3d 319, 321 (Alaska 2006).

2. *Id.*

3. *Id.*

4. *Id.* at 321, 329.

5. *Id.* at 321.

6. *Id.* at 322.

7. *Id.* at 322, 332.

8. *Id.* at 332.

On remand, the superior court held a hearing at which it ordered the hospital to stop all balance billing. The court ordered the hospital to provide an affidavit within two weeks confirming that it was no longer balance billing Medicaid patients. It instructed Smallwood's attorney to request a hearing if she was not satisfied with the affidavit. The court also set a briefing schedule for the UTPA claim.

The hospital submitted a timely affidavit describing the procedures the hospital had put in place to prevent balance billing of Medicaid recipients. Smallwood and the hospital both filed briefs addressing only the UTPA claim.

The superior court issued a memorandum decision concluding that Smallwood had abandoned his claim for relief from balance billing because he did not include that issue in his brief. The court also concluded that the balance billing claim was moot because Medicaid patients were no longer being balance billed. It further concluded that the hospital's billing statements did not violate the UTPA.[9]

Smallwood filed this appeal from the superior court's memorandum decision.[10] But Smallwood died several months later. The hospital moved for dismissal in the superior court as a result of Smallwood's failure to substitute another plaintiff within ninety days, as required by Alaska Civil Rule 25(a)(1).[11] The superior court granted the motion to dismiss, noting that it had received no opposition.

The hospital also filed a motion to dismiss with this court. Smallwood's daughter Patricia then filed a motion for substitution as the personal representative of the estate. We denied the hospital's motion to dismiss and substituted the estate as the appellant.

## III.  DISCUSSION

### A.  Standard of Review

■■■ This case involves purely legal issues.[12] We apply our independent judgment to the superior court's rulings involving questions of law.[13] When we apply our independent judgment, we adopt "the rule of law most persuasive in light of precedent, reason, and policy." [14]

### B.  The Superior Court Had No Jurisdiction To Dismiss the Underlying Case While This Appeal Was Pending.

■■■ The hospital argues that this case is moot because the superior court granted its motion to dismiss under Civil Rule 25. Smallwood's estate argues that the superior court had no jurisdiction to consider the motion to dismiss while this appeal was pending.

■■■ Appellate courts have "supervision and control" of proceedings following the fil-

---

9.  Smallwood's estate now agrees that the UTPA claim is likely moot as a result of Smallwood's death.

10.  Alaska Civil Rule 58 requires a judgment to "be set forth on a separate document distinct from any ... opinion[] or memorandum." In this case, the superior court did not enter a separate order labeled as a final judgment. Our prior cases allow us to recognize a decision as a final judgment if the decision effectively "disposes of the entire case," *Williams v. City of Valdez*, 603 P.2d 483, 487 (Alaska 1979) (internal citations omitted), and " 'clearly evidences the judge's intent to presently and finally dispose' of the matter." *Breese v. Smith*, 501 P.2d 159, 163 (Alaska 1972) (quoting *In re Mountain View Pub. Util. Dist. No. 1*, 359 P.2d 951, 954 (Alaska 1961)). The superior court's memorandum decision disposed of all claims and displayed the court's intent to dispose of the matter. Under the circumstances of this case, we recognize it as final and subject to review.

11.  Alaska Civil Rule 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.... Unless the motion for substitution is made not later than 90 days after the death ..., the action shall be dismissed as to the deceased party.

12.  *See Noey v. Bledsoe*, 978 P.2d 1264, 1275 (Alaska 1999) (whether superior court lacks subject matter jurisdiction over a case on appeal is a legal question).

13.  *Smallwood*, 151 P.3d at 322.

14.  *Jacob v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 177 P.3d 1181, 1184 (Alaska 2008) (quoting *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

ing of a notice of appeal.[15] "Absent an express remand order, the superior court cannot then modify any 'matters directly or necessarily involved in the matter under review,' although the superior court retains jurisdiction over collateral matters."[16]

The proper procedure following the death of a party is not a collateral matter: The choice of forum can make a substantial difference in the proceedings. In the trial court, under Civil Rule 25(a)(1), a motion for substitution must be filed within ninety days after the death is suggested on the record or the matter is dismissed, effectively terminating the action with respect to the deceased party.[17] In contrast, under Appellate Rule 516(a), the death of a party during a civil appeal does not affect the case, except that certain time deadlines are extended to allow the proper representatives to be substituted.[18]

The federal courts do not apply the corresponding provisions of Federal Rule of Civil Procedure 25(a)(1) to cases on appeal.[19] We likewise conclude that, while a case is on appeal, the superior court lacks jurisdiction to order substitution of parties or dismissal following the death of a party. Proceedings relating to the death of a party after an appeal has been filed must either occur in the appellate court or in the superior court following a remand.[20]

Here, the hospital filed a motion to dismiss with the superior court based on Smallwood's death. But the superior court lacked jurisdiction to address the matter because this appeal was then pending. We therefore vacate the superior court's order dismissing this case.

## C. Smallwood Did Not Abandon His Balance Billing Claim.

■ Smallwood's estate argues that it was clear error for the superior court to conclude that Smallwood abandoned his claim for relief from balance billing. The estate argues that he did not abandon his claim, but rather received the injunctive relief that he sought.

■ Failure to argue a point of law constitutes abandonment.[21] But a litigant does not "abandon" a claim when he obtains an injunction, then agrees that the other party has complied.[22]

The superior court granted Smallwood's request for an injunction at the hearing on remand when it ordered the hospital "to stop balance billing anyone that's on Medicaid." The hospital complied with the injunction by filing an affidavit establishing that the hospital had implemented new billing procedures to ensure that no Medicaid patients would be balance billed. The court gave Smallwood the opportunity to contest the adequacy of the hospital's compliance by filing a request for a hearing, but Smallwood did not do so. Smallwood's failure to contest that this new system effectively complied with the injunction did not constitute abandonment of his claim: Smallwood had already succeeded by obtaining the injunction he requested.

## D. The Estate Has Not Waived Its Attorney's Fees Claim.

■ The hospital asserts that this case is now moot because Smallwood has died and

15. Alaska R.App. P. 203.

16. *Asher v. Alkan Shelter, LLC*, 212 P.3d 772, 783 (Alaska 2009) (quoting *Heppinstall v. Darnall Kenna & Co.*, 851 P.2d 78, 79 (Alaska 1993)).

17. *See Estate of Lampert Through Thurston v. Estate of Lampert Through Stauffer*, 896 P.2d 214, 217 (Alaska 1995).

18. Alaska Rule of Appellate Procedure 516(a) provides that "[t]he death of a party in a civil action or proceeding shall not affect any appeal taken or petition for review made," except that any deadlines may be extended until up to sixty days after the death of the party to allow time for substitution.

19. *See Servidone Constr. Corp. v. Levine*, 156 F.3d 414, 416 (2nd Cir.1998); 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1951, at 649–50 (3d ed. 2007).

20. *See Duriron Co. v. Bakke*, 431 P.2d 499, 500–01 (Alaska 1967).

21. *See State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980).

22. *See City of Kenai v. Friends of the Recreation Ctr., Inc.*, 129 P.3d 452, 460–61 (Alaska 2006) (holding that plaintiff was prevailing party for attorney's fee purposes because it obtained preliminary injunction even though it agreed that claims were moot).

the hospital has complied with the superior court's injunction. But this court will hear an otherwise moot case "to determine who is the prevailing party for purposes of awarding attorneys' fees." [23] This case is not moot because our conclusion that Smallwood did not abandon his claim may "change[ ] the status of the prevailing party and thus an award of attorney's fees." [24]

 The prevailing party is the one who succeeds on the main issue; it does not need to prevail on every issue or obtain "formal judicial relief." [25] The court may award attorney's fees to the Smallwood estate under the catalyst theory if it demonstrates the following elements: "(1) that it achieved the goal of the litigation by succeeding on any significant issue which achieves some of the benefit sought in bringing the suit, and (2) that there is a causal connection between the defendant's action generating relief and the lawsuit." [26] Smallwood's implicit agreement that the hospital had complied with the injunction does not prevent the superior court from determining that Smallwood's estate is the prevailing party for the purpose of awarding attorney's fees.[27]

We must therefore remand this case to the superior court for determination of the prevailing party and an award of attorney's fees.

## IV. CONCLUSION

We VACATE the superior court's order of dismissal that was based on Smallwood's death. We REVERSE the superior court's conclusion that Smallwood abandoned his balance billing claim. We REMAND for entry of judgment and an award of attorney's fees.

23. *Lamoureaux v. Totem Ocean Trailer Express, Inc.*, 651 P.2d 839, 840 n. 1 (Alaska 1982).

24. *Ulmer v. Alaska Rest. & Beverage Ass'n*, 33 P.3d 773, 777 (Alaska 2001) (denying attorney's fees claim of a party who explicitly stated that it was not seeking any fees).

25. *Braun v. Denali Borough*, 193 P.3d 719, 727 (Alaska 2008) (internal citations omitted).

26. *Progressive Corp. v. Peter ex rel. Peter*, 195 P.3d 1083, 1094 (Alaska 2008) (quoting *Interior Cabaret, Hotel, Rest. & Retailers Ass'n v. Fairbanks N. Star Borough*, 135 P.3d 1000, 1008 (Alaska 2006)).

27. *See Friends of the Recreation Ctr., Inc.*, 129 P.3d at 460–61.