NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LOREN J. LARSON, JR., | ) | |
| | ) | Supreme Court No. S-14284 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-81-05274 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| THOMAS REIMER, Assistant | ) | AND JUDGMENT* |
| Superintendent of Spring Creek | ) | |
| Correctional Center, | ) | |
| | ) | No. 1463 – July 17, 2013 |
| Appellee. | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, John Suddock, Judge.

Appearances: Loren J. Larson, Jr., pro se, Seward, Appellant. John K. Bodick, Assistant Attorney General, Anchorage, and John J. Burns, Attorney General, Juneau, for Appellee.

Before: Winfree and Stowers, Justices, and Eastaugh, Senior Justice.** [Carpeneti, Chief Justice, and Fabe, Justice, not participating.]

---

\* Entered under Appellate Rule 214.

\*\* Sitting by assignment made under article IV, section 11 of the Alaska Constitution and Alaska Administrative Rule 23(a).

## I. INTRODUCTION

A state prisoner, Loren Larson, sued the Alaska Department of Corrections for alleged violations of the *Cleary* Final Settlement Agreement.[1] The only relief Larson sought was an award of compensatory and punitive damages. The superior court held that the *Cleary* Final Settlement Agreement does not allow prisoners to recover monetary damages and dismissed the lawsuit.

Larson appeals, arguing that the superior court erred in dismissing his damages claim. Two recent opinions of this court held that the *Cleary* Final Settlement Agreement does not contemplate awarding monetary damages to enforce its provisions. Those rulings resolve the issues Larson has properly raised in this appeal.

We do not reach Larson's additional contention that he is entitled to unjust enrichment damages, because he first raised that contention in his appellate reply brief and never raised that claim in the superior court.

We therefore affirm the superior court's dismissal of the lawsuit.

## II. FACTS AND PROCEEDINGS

Loren Larson is a state prisoner who was incarcerated at the Spring Creek Correctional Center. He filed grievances challenging a new Spring Creek policy concerning visitors, but prison staff summarily dismissed his grievances. Larson eventually filed suit in superior court. He brought his initial lawsuit in his own name, but after the superior court dismissed his claim because it was not brought under the *Cleary* caption, Larson re-filed using the *Cleary* caption.[2] The Alaska Department of

---

[1] *Hertz v. Cleary*, 835 P.2d 438, 439-40 (Alaska 1992), describes the *Cleary* Final Settlement Agreement.

[2] The appellate caption we use for this opinion reflects the caption of Larson's December 4, 2010 complaint. It is understandable why the superior court

(continued...)

Corrections then moved to dismiss his re-filed complaint.[3] The superior court granted the Department's motion and dismissed Larson's claim for compensatory and punitive damages. Larson moved for reconsideration, contending that the Department "flagrantly" breached a portion of the Final Settlement Agreement dealing with prisoner grievances and had, "[w]ith deliberate indifference," breached the same "legal entitlements." The court denied the reconsideration motion. The order denying reconsideration held that, as a matter of law, the *Cleary* Final Settlement Agreement "does not entitle [Larson] to money damages for violation of its terms."

Larson appeals.

## III. STANDARD OF REVIEW

This appeal turns on legal questions. We give independent review to rulings on matters of law.[4]

---

   **2**    (...continued)
required Larson to bring his *Cleary*-related claim under the *Cleary* caption. But in *Hertz v. State of Alaska, Department of Corrections*, 230 P.3d 663 (Alaska 2010), a prisoner filed a complaint using the *Cleary* class action caption. We re-captioned the case in the prisoner's own name because he was not authorized to represent the class. *Id.* at 663 n.1. For the same reason, we have reinstated the caption Larson first used.

   **3**    The record does not seem to contain the re-captioned complaint considered by the superior court in deciding whether to grant the Department's motion to dismiss, but there seems to be no dispute that Larson filed a damages complaint under the *Cleary* caption.

   **4**    *Smallwood v. Cent. Peninsula Gen. Hosp., Inc.*, 227 P.3d 457, 459 (Alaska 2010) (citing *Smallwood v. Cent. Peninsula Gen. Hosp.*, 151 P.3d 319, 322 (Alaska 2006)).

## IV. DISCUSSION

### A. The *Perotti* And *Brown* Decisions Require That We Affirm The Dismissal Of Larson's Claim.

Larson sued to recover monetary damages for alleged violations of the terms of the *Cleary* Final Settlement Agreement. Two recent cases decided by this court, *Perotti v. Corrections Corporation of America* and *Brown v. Corrections Corporation of America*,[5] involved similar claims. We resolved both of those appeals by holding that the *Cleary* Final Settlement Agreement "does not contemplate the award of monetary damages to enforce its provisions."[6]

That holding resolves the appellate issues properly before us; it requires us to affirm the dismissal of Larson's claim for monetary damages.

The *Perotti* opinion noted that the *Cleary* Final Settlement Agreement included one term — payment of gate money — that might "lend itself to a specific claim for monetary damages."[7] But Larson makes no claim here for gate money damages or for any other award which might also be subject to a "clear and precise measure of monetary damages."[8]

---

[5]     *Perotti v. Corr. Corp. of Am.*, 290 P.3d 403, 405 (Alaska 2012); *Brown v. Corr. Corp. of Am.*, Mem. Op. & J. No. 1446, 2012 WL 6634004, at *2 (Alaska, Dec. 19, 2012).

[6]     *Perotti*, 290 P.3d at 405; *Brown*, WL 6634004, at *1-2 (holding that "Brown was not entitled to equitable relief and the *Cleary* Final Settlement Agreement does not contemplate enforcement by monetary damages").

[7]     *Perotti*, 290 P.3d at 409 n.28.

[8]     *Id.* Larson also seems to argue that because the *Cleary* Final Settlement Agreement is a contract, its breach requires that at least nominal damages be awarded. *Perotti* and *Brown* are inconsistent with awarding nominal damages to a prisoner to remedy a breach of the *Cleary* Final Settlement Agreement.

**B.    Larson Did Not Preserve His Unjust Enrichment Damages Argument.**

Larson's appellate reply brief raises for the first time an argument — that he was entitled to unjust enrichment damages from the Department — that he never made in the superior court or in his opening appellate brief.  His argument rests on his theory that State agencies "are not spending the money they receive from the [Legislature] to provide the legal duties that are owed to [defendant]."   He asserts that the Department of Corrections is taking the money it receives from the Legislature "to enrich [itself] in ways that have nothing to do with compliance" with the *Cleary* Final Settlement Agreement.  Because Larson never raised this contention in his opening brief on appeal or in the superior court, it is unpreserved and not properly before us.[9]

**C.    We Do Not Need To Consider Larson's Invitation To "Correct" The Department's Alleged Assertion That "*Cleary* Is No Longer In Effect."**

Larson argues that the Department's violations of the *Cleary* Final Settlement Agreement  are "willful," "flagrant," and "gross" as well as "obvious and extreme."   Larson refers us to a handwritten statement (allegedly made by the Department Director of Institutions in denying Larson's grievance) that " '[*Cleary*]' is no longer in effect."   Larson argues that the only way to "correct" the Department's misunderstanding is to permit prisoners to recover damages.

Our decisions in *Perotti* and *Brown* preclude the award of damages to enforce the *Cleary* Final Settlement Agreement.[10]  To the extent there might be an arguable basis for attempting to "correct" misperceptions about any continued effect of the *Cleary* Final Settlement Agreement, the remedy that has been repeatedly recognized

---

[9]    *See Zok v. State*, 903 P.2d 574, 576 n.2 (Alaska 1995) (holding pro se appellant waived issue by failing to argue issue in opening brief and only mentioning issue in reply brief).

[10]    *Perotti*, 290 P.3d at 405; *Brown*, 2012 WL 6634004, at *2.

— contempt of court — is available.[11]  Nothing Larson has argued would justify any additional remedy here.

## V.  CONCLUSION

We therefore AFFIRM the dismissal of Larson's complaint.

---

[11]  *Perotti*, 290 P.3d at 410 ("[T]he *Cleary* settlement . . . instead contemplates enforcement by a contempt order . . . .").